UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

3COM CORPORATION,

        Plaintiff,

-against-

CAPITAL 4, INC., F. DAVIS DAWSON, and ISH VILLA-LOBOS,

        Defendants.

Civ. No.

PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

    Plaintiff, 3Com Corporation ("3Com"), hereby moves pursuant Fed. R. Civ. P. 65, for a Temporary Restraining Order and Preliminary Injunction. In support of its Motion, 3Com submits a memorandum of law, together with the Declarations of Glenn Ewing ("Ewing Decl."), Dean M. Whitehouse ("Whitehouse Decl."), Lawrence S. Langmore ("Langmore Decl."), and Christopher Jodoin ("Jodoin Decl.") filed herewith. 3Com seeks an order compelling the Defendant, Capital 4, Inc. ("Capital 4") to provide 3Com with necessary information about customers and contracts related to Capital 4's previous wrongful use of 3Com's trademarks and Capital 4's complete failure to meet its obligations to provide customers with telecommunications services ("Public Access Services") including telephone, internet, and wireless service, and enjoining Capital 4 from further defaming and disparaging 3Com in the marketplace and from further misusing 3Com's registered trademarks to deceive customers into believing they have entered into contracts with 3Com when they have not.

    As described in greater detail in the Memorandum of Law in Support of its Motion, Capital 4 has breached its contractual obligations to 3Com under a License Agreement and related agreements concerning Capital 4's provision of network and telecommunications services

BOS-1129987 v1

to customers by, among other things, failing to provide the Public Access Services Capital 4 agreed to provide to customers. Capital 4 has defamed 3Com to customers, in further breach of Capital 4's agreements with 3Com. Capital 4 has also improperly used 3Com's trade name and trademarks to mislead customers into entering into contracts bearing 3Com's name without 3Com's authorization. Capital 4 also fraudulently misrepresented to 3Com the viability of Capital 4's business and the manner in which Capital 4 conducted its business in order to fraudulently induce 3Com to invest in Capital 4's business. In this regard, defendants F. Davis Dawson and Ish Villa-Lobos, principals of Capital 4, are individually liable to 3Com because they completely controlled Capital 4 during the time in which Capital 4 engaged in this wrongful conduct and further, they each used Capital 4's corporate form to perpetrate a fraud on 3Com by fraudulently inducing 3Com to infuse substantial amounts of cash into Capital 4, ostensibly to keep Capital 4 operating, despite Dawson's and Villa-Lobos' appropriation of 3Com's funds to their own individual uses and intending all along for Capital 4 to default on its obligations and to pressure 3Com to assume responsibility for Capital 4's obligations to Capital 4's customers.

WHEREFORE, 3Com respectfully requests that this Court:

a. Enter an order requiring Capital 4 to abide by the surviving provisions of the License Agreement and the Operations Agreement that Capital 4 executed on November 10, 2006;

b. Enter an order enjoining Capital 4 from further infringement and/or unauthorized use of the 3Com name and trademarks;

c. Enter an order enjoining Capital 4, including its principals, officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with Capital 4, from further defamatory statements concerning 3Com;

d. Enter an order enjoining Capital 4, including its principals, officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with it, from further unauthorized use of 3Com's trademarks;

e. Enter an order enjoining Capital 4 from destroying or otherwise disposing of any of the data, computers, documents, or any information pertaining to the subject matter of this Complaint, (including but not limited to personal computers, laptops, telephones and/or handheld devices), and/or from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph;

f. Enter an order requiring Capital 4 to provide an accounting on an expedited basis, with such an accounting to include the following:

    i. All copies of all third party access provider contracts and related documents with respect to customers identified on Schedule B to Amendment No. 1 to the First Contract Addendum to the License Agreement and Operations Agreement (the "Schedule B Customers"). Whitehouse Decl. Ex. 8 (Amendment No. 1 to the First Contract Addendum, at Schedule B);

    ii. Any and all assignments required by Public Access Services providers to transfer from Capital 4 to 3Com control over the Public Access Services accounts of Schedule B Customers, and customers with Unauthorized Agreements.

    iii. All contracts between Capital 4 and carriers.

    iv. Contact information for all Capital 4 Lending Partners.

    v. Copies of any agreements between Capital 4 and the VARs who have participated in the Power of $Zero program.

    vi. Copies of all Unauthorized Agreements, Misbranded Agreements and any other agreements on 3Com Paper that were not processed through the 3Com portal.

    vii. All documentation, including without limitation all carrier and Lending institution documentation related to the Unauthorized and Misbranded Agreements.

g. Enter an order requiring Capital 4 to permit a forensic analysis of its computers, including but not limited to its networks, laptops, handheld devices and telephones, and to allow 3Com to commence such analysis within five (5) business days of the Court's issuance of the order;

    h.      Enter an order requiring Capital 4 to redirect all Residual Payments from Lenders and/or Customers to 3Com for the Unauthorized Agreements; and

    i.      Award 3Com such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        3COM CORPORATION,

        By its attorneys,

        _____
        Daniel E. Rosenfeld (DR 4624)
        KIRKPATRICK & LOCKHART PRESTON
          GATES ELLIS LLP
        One Lincoln Street
        Boston, MA 02111
        (617) 261-3100

        Douglas F. Broder (DB 8406)
        KIRKPATRICK & LOCKHART PRESTON
          GATES ELLIS LLP
        599 Lexington Avenue
        New York, NY 10022
        (212) 536-3900

Dated: October 9, 2007