UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 3COM CORPORATION,<br><br>            Plaintiff,<br><br>  -against-<br><br>CAPITAL 4, INC., F. DAVIS DAWSON, and ISH VILLA-LOBOS,<br><br>            Defendants. | Civ. No. |

### [PROPOSED] ORDER FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Having considered the Plaintiff 3Com Corporation's Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, Memorandum in Support of the Motion for Temporary Restraining Order and Preliminary Injunction, the Declarations of Glenn Ewing ("Ewing Decl."), Dean M. Whitehouse ("Whitehouse Decl."), Lawrence S. Langmore ("Langmore Decl."), and Christopher Jodoin ("Jodoin Decl."), and the documents submitted with those papers, and in accordance with Fed. R. Civ. P. 65, it is hereby ordered, adjudged and decreed that pending resolution of the merits of this Action:

<u>Preliminary Injunction</u>

1.      Capital 4 is hereby ORDERED to abide by the surviving provisions of the License Agreement and the Operations Agreement that Capital 4 executed on November 10, 2006;

2.      Capital 4 is hereby ENJOINED and RESTRAINED from further infringement and/or unauthorized use of the 3Com name and trademarks;

3. Capital 4, including its principals, officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with Capital 4, are hereby ENJOINED and RESTRAINED from making further defamatory statements concerning 3Com;

4. Capital 4, including its principals, officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with it, are hereby ENJOINED and RESTRAINED from making further unauthorized use of 3Com's trademarks;

5. Capital 4 is hereby ENJOINED and RESTRAINED from destroying or otherwise disposing of any of the data, computers, documents, or any information pertaining to the subject matter of this Complaint, (including but not limited to personal computers, laptops, telephones and/or handheld devices), and/or from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph;

6. Capital 4 is hereby ORDERED to provide an accounting on an expedited basis, with such an accounting to include the following:

  a. All copies of all third party access provider contracts and related documents with respect to customers identified on Schedule B to Amendment No. 1 to the First Contract Addendum to the License Agreement and Operations Agreement (the "Schedule B Customers"). Whitehouse Decl. Ex. 8 (Amendment No. 1 to the First Contract Addendum, at Schedule B);

  b. Any and all assignments required by Public Access Services providers to transfer from Capital 4 to 3Com control over the Public Access Services accounts of Schedule B Customers, and customers with Unauthorized Agreements.

  c. All contracts between Capital 4 and carriers.

  d.  Contact information for all Capital 4 Lending Partners.

  e.  Copies of any agreements between Capital 4 and the VARs who have participated in the Power of $Zero Program.

  f.  Copies of all Unauthorized Agreements, Misbranded Agreements and any other agreements on 3Com Paper that were not processed through the 3Com portal.

  g.  All documentation, including without limitation all carrier and Lending institution documentation related to the Unauthorized and Misbranded Agreements.

  7.  Capital 4 is hereby ORDERED to permit a forensic analysis of its computers, including but not limited to its networks, laptops, handheld devices and telephones, and to allow 3Com to commence such analysis within five (5) business days of the Court's issuance of the order;

  8.  Capital 4 is hereby ORDERED to redirect all Residual Payments from Lenders and/or Customers to 3Com for the Unauthorized Agreements.

IT IS SO ORDERED.

Dated _____, 2007.    _____
                   United States District Judge