**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **3COM CORPORATION,** | |
| Plaintiff, | |
| -against- | Civ. No. 1:07-cv-08707-JSR-JDF |
| **CAPITAL 4, INC., F. DAVIS DAWSON, and ISH VILLA-LOBOS,** | |
| Defendants. | **PLAINTIFF 3COM'S REPLY TO DEFENDANT CAPITAL 4, INC.'S COUNTERCLAIMS AGAINST 3COM AND AFFIRMATIVE DEFENSES** |

      Plaintiff 3Com Corporation ("3Com") hereby replies to the Counterclaims ("Counterclaims") asserted by Defendant Capital 4, Inc. ("Capital 4") in like-numbered paragraphs. 3Com reserves the right to assert additional defenses herein.

      1.    3Com admits the allegations contained in paragraph 1 of the Counterclaims.

      2.    3Com denies the allegations contained in paragraph 2 of the Counterclaims except that 3Com admits that 3Com is a Delaware corporation with a principal place of business in Marlborough, Massachusetts.

      3.    3Com denies the allegations contained in paragraph 3 of the Counterclaims except that 3Com admits that there exists complete diversity of citizenship among the parties to this action, and that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

      4.    3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Counterclaims.

5.  3Com denies the allegations contained in paragraph 5 of the Counterclaims except that 3Com admits that an entity named Infinitel has been a 3Com Value Added Reseller ("VAR") and that Capital 4 has been a 3Com VAR.

6.  3Com denies the allegations contained in paragraph 6 of the Counterclaims except that 3Com admits that Infinitel and Capital 4 have been authorized to sell 3Com products to certain customers.

7.  3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Counterclaims.

8.  3Com denies the allegations contained in paragraph 8 of the Counterclaims except that 3Com admits as follows: under the Power of $Zero program, Capital 4 sold network and telecommunications services to new customers under agreements that required the customer to pay a fixed monthly fee for a fixed period of time (usually six years) for a package of services. The services included local and long distance telephone, internet, and/or voice-over-internet services (collectively, "Public Access Services"), and, at the customer's option, lease of equipment, installation, and long term equipment servicing. The monthly fee for such services was based on the customer's reported actual monthly expenses for such services delivered by existing providers. In addition, customers had the option to receive, at little or no additional cost to the customer, (1) new networking and telephone equipment; (2) a cash rebate; or (3) new networking and telephone equipment and a partial cash rebate.

9.  3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Counterclaims.

10. 3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Counterclaims.

11. 3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Counterclaims.

12. 3Com denies the allegations contained in paragraph 12 of the Counterclaims.

13. 3Com denies the allegations contained in paragraph 13 of the Counterclaims except that 3Com admits that 3Com became interested in the Power of $Zero program.

14. 3Com denies the allegations contained in paragraph 14 of the Counterclaims except that 3Com admits that 3Com and Capital 4 engaged in due diligence concerning the Power of $Zero program.

15. 3Com denies the allegations contained in paragraph 15 of the Counterclaims except that 3Com admits that Capital 4 purchased a device known as a Soft Switch from 3Com.

16. 3Com denies the allegations contained in paragraph 16 of the Counterclaims.

17. 3Com denies the allegations contained in paragraph 17 of the Counterclaims except that 3Com admits, on information and belief, that 3Com and Capital 4 entered into a Strategic Alliance Agreement on or about January 31, 2005. 3Com refers the Court to that document for its proper interpretation.

18. 3Com denies the allegations contained in paragraph 18 of the Counterclaims.

19. 3Com denies the allegations contained in paragraph 19 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

20. 3Com denies the allegations contained in paragraph 20 of the Counterclaims except that 3Com admits that, on or about March 10, 2005, 3Com and Capital 4 entered into a "rules of Engagement Addendum to the Strategic Alliance Agreement." 3Com refers the Court to that document for its proper interpretation.

21. 3Com denies the allegations contained in paragraph 21 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

22. 3Com denies the allegations contained in paragraph 22 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

23. 3Com denies the allegations contained in paragraph 23 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

24. 3Com denies the allegations contained in paragraph 24 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

25. 3Com denies the allegations contained in paragraph 25 of the Counterclaims.

26. 3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Counterclaims.

27. 3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Counterclaims.  3Com denies that the problems alleged were caused by failures of the Soft Switch purchased from 3Com.

28. 3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Counterclaims.

29. 3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Counterclaims.

30. 3Com is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Counterclaims.

31. 3Com denies the allegations contained in paragraph 31 of the Counterclaims.

32. 3Com denies the allegations contained in paragraph 32 of the Counterclaims except that 3Com admits that it cooperated with Capital 4 in connection with Capital 4's VoIP platform.

33. 3Com denies the allegations contained in paragraph 33 of the Counterclaims.

34. 3Com denies the allegations contained in paragraph 34 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

35. 3Com denies the allegations contained in paragraph 35 of the Counterclaims except that 3Com admits that on or about November 10, 2006, 3Com and Capital 4 entered into a License Agreement and an Operations Agreement.  3Com refers the Court to those documents for their proper interpretation.

36. 3Com denies the allegations contained in paragraph 36 of the Counterclaims except that 3Com admits that the "Actual Cut Date" was changed from February 1, 2007 to April 1, 2007.

37. 3Com denies the allegations contained in paragraph 37 of the Counterclaims and refers the Court to the License Agreement and the Operations Agreement for their proper interpretation.

38. 3Com denies the allegations contained in paragraph 38 of the Counterclaims and refers the Court to the License Agreement and the Operations Agreement for their proper interpretation.

39. 3Com denies the allegations contained in paragraph 39 of the Counterclaims and refers the Court to the License Agreement and the Operations Agreement for their proper interpretation.

40.     3Com denies the allegations contained in paragraph 40 of the Counterclaims and refers the Court to the documents referenced therein for their proper interpretation.

41.     3Com denies the allegations contained in paragraph 41 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

42.     3Com denies the allegations contained in paragraph 42 of the Counterclaims and refers the Court to the License Agreement for its proper interpretation.

43.     3Com denies the allegations contained in paragraph 43 of the Counterclaims.

44.     3Com denies the allegations contained in paragraph 44 of the Counterclaims except that 3Com admits that in or about late 2005 and early 2006, it became aware that Capital 4's costs exceeded its revenues at that time.

45.     3Com denies the allegations contained in paragraph 45 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

46.     3Com denies the allegations contained in paragraph 46 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

47.     3Com denies the allegations contained in paragraph 47 of the Counterclaims.

48.     3Com denies the allegations contained in paragraph 47 of the Counterclaims.

49.     3Com denies the allegations contained in paragraph 49 of the Counterclaims.

50.     3Com denies the allegations contained in paragraph 50 of the Counterclaims except that 3Com admits that between late July 2007 and August 7, 2007, 3Com had loaned capital 4 over $200,000 at Capital 4's request.

51.     3Com denies the allegations contained in paragraph 51 of the Counterclaims except that 3Com admits that between late July 2007 and August 7, 2007, 3Com had loaned

capital 4 over $200,000 at Capital 4's request and that Capital 4 thereafter requested additional infusions of cash, which 3Com provided.

52. 3Com denies the allegations contained in paragraph 52 of the Counterclaims except that 3Com admits that, in September of 2007, 3Com declined to advance Capital 4 license fees or any other form of capital.

53. 3Com denies the allegations contained in paragraph 53 of the Counterclaims.

54. 3Com denies the allegations contained in paragraph 54 of the Counterclaims except that 3Com admits that on September 25, 2007, Capital 4 transmitted correspondence to its customers. 3Com refers the Court to that document for its proper interpretation.

## AS AND FOR A FIRST COUNTERCLAIM
**(Breach of Contract)**

55. 3Com repeats, realleges, and incorporates by reference its answers to each of the preceding paragraphs of the Counterclaims as if fully set forth herein.

56. 3Com denies the allegations contained in paragraph 56 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

57. 3Com denies the allegations contained in paragraph 57 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

58. 3Com denies the allegations contained in paragraph 58 of the Counterclaims.

59. 3Com denies the allegations contained in paragraph 59 of the Counterclaims and refers the Court to the document referenced therein for its proper interpretation.

60. 3Com denies the allegations contained in paragraph 60 of the Counterclaims except that 3Com admits that Capital 4 did not dispute that it became unable to meet its obligations under its agreements, including but not limited to agreements with vendors and customers.

61. 3Com denies the allegations contained in paragraph 61 of the Counterclaims.

62. 3Com denies the allegations contained in paragraph 62 of the Counterclaims.

**AS AND FOR A SECOND COUNTERCLAIM**
**(Breach of the Duty of Good Faith and Fair Dealing)**

63. 3Com repeats, realleges, and incorporates by reference its answers to each of the preceding paragraphs of the Counterclaims as if fully set forth herein.

64. 3Com denies the allegations contained in paragraph 64 of the Counterclaims.

65. 3Com denies the allegations contained in paragraph 65 of the Counterclaims.

**AS AND FOR A THIRD COUNTERCLAIM**
**(Fraud)**

66. 3Com repeats, realleges, and incorporates by reference its answers to each of the preceding paragraphs of the Counterclaims as if fully set forth herein.

67. 3Com denies the allegations contained in paragraph 67 of the Counterclaims.

68. 3Com denies the allegations contained in paragraph 68 of the Counterclaims.

69. 3Com denies the allegations contained in paragraph 69 of the Counterclaims.

70. 3Com denies the allegations contained in paragraph 70 of the Counterclaims.

71. 3Com denies the allegations contained in paragraph 71 of the Counterclaims.

72. 3Com denies the allegations contained in paragraph 72 of the Counterclaims.

73. 3Com denies the allegations contained in paragraph 73 of the Counterclaims.

**AS AND FOR A FOURTH COUNTERCLAIM**
**(Declaratory Judgment)**

74. 3Com repeats, realleges, and incorporates by reference its answers to each of the preceding paragraphs of the Counterclaims as if fully set forth herein.

75. 3Com denies the allegations contained in paragraph 75 of the Counterclaims.

76. 3Com denies the allegations contained in paragraph 76 of the Counterclaims, except that 3Com admits that Capital 4's breaches of the agreements between 3Com and Capital 4 have operated to excuse further performance under those agreements by 3Com.

77. 3Com admits the allegations contained in paragraph 77 of the Counterclaims.

78. Paragraph 78 of the Counterclaims consists of a request for relief, to which no response is required. To the extent that a further response may be required, 3Com denies that Capital 4 is entitled to the relief it seeks.

WHEREFORE, 3Com respectfully requests that this Court dismiss with prejudice Capital 4's Counterclaims against 3Com and grant such other and further relief as justice requires.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim for which relief may be granted.

### Second Affirmative Defense

Capital 4 cannot have reasonably relied upon any alleged oral representations made by 3Com.

### Third Affirmative Defense

Capital 4's claims are barred by the doctrines of waiver, estoppel and ratification.

### Fourth Affirmative Defense

Capital 4 failed to mitigate its alleged damages.

### Fifth Affirmative Defense

Capital 4's claims are barred because of a unilateral mistake.

### Sixth Affirmative Defense

Capital 4's claims are barred by the doctrine of unclean hands.

### Seventh Affirmative Defense

Granting the relief requested in the Counterclaims would unjustly enrich Capital 4.

### Eighth Affirmative Defense

Capital 4's claims are barred by Capital 4's own wrongdoing.

### Ninth Affirmative Defense

Capital 4's claims are barred because Capital 4's breaches of contract have excused 3Com's performance.

### Tenth Affirmative Defense

Capital 4's claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

### Eleventh Affirmative Defense

Capital 4's claims are barred because Capital 4 released its claims against 3Com.

### Twelfth Affirmative Defense

Capital 4's claims are barred because of Capital 4's loss or destruction of evidence.

### Thirteenth Affirmative Defense

Any damages were the result of acts or omissions on the part of Capital 4 or third parties, the actions of which 3Com is not responsible.

### Fourteenth Affirmative Defense

Capital 4's claims are barred because any damages alleged were caused in whole or in part by Capital 4.

### Fifteenth Affirmative Defense

3Com hereby puts Capital 4 on notice that it intends to rely upon such other and further defenses as are developed during the course of these and related proceedings.

## **JURY DEMAND**

3Com hereby demands a jury trial as to all issues so triable.

                                                Respectfully submitted,

                                                3COM CORPORATION,

                                                By its attorneys,

                                                *Daniel E. Rosenfeld*
                                                Daniel E. Rosenfeld (DR 4624)
                                                KIRKPATRICK & LOCKHART PRESTON
                                                   GATES ELLIS LLP
                                                One Lincoln Street
                                                Boston, MA 02111
                                                (617) 261-3100

                                                Douglas F. Broder (DB 8406)
                                                KIRKPATRICK & LOCKHART PRESTON
                                                   GATES ELLIS LLP
                                                599 Lexington Avenue
                                                New York, NY 10022
                                                (212) 536-3900

                                                *Of counsel (admitted pro hac vice):*
                                                Sarah C. Kellogg
                                                   Sarah.Kellogg@klgates.com
                                                Eileen E. Pott
                                                   Eileen.Pott@klgates.com
                                                One Lincoln Street
                                                Boston, MA 02111
                                                (617) 261-3100

Dated: December 13, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 13th day of December, 2007.

    *Daniel E. Rosenfeld*
    Daniel E. Rosenfeld