UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

3COM CORPORATION,

    Plaintiff,

v.

CAPITAL 4, INC., et al.,

    Defendants.

Civ. No. 07-Civ.-8707(JSR) (JDF)

**PLAINTIFF'S MOTION FOR CONTEMPT AND FOR A DETERMINATION THAT CAPITAL 4 HAS WAIVED ATTORNEY-CLIENT PRIVILEGE**

    Plaintiff, 3Com Corporation ("3Com") moves the Court for an order finding: (1) that Defendant Capital 4, Inc. ("Capital 4"), its (former) counsel Simon H. Hughes and The Hughes Law Firm, P.C. (collectively, "Hughes") are in contempt of the Stipulated Temporary Restraining Order and Preliminary Injunction issued by the Court on November 2, 2007 in connection with the above-captioned action ("Stipulated Injunction"); and (2) that Capital 4 has waived the attorney-client privilege in connection with its business involving the Power of $Zero program.

    In support of its Motion, 3Com relies upon his Memorandum in Support of its Motion for Contempt and for a Determination that Capital 4 has Waived Attorney-Client Privilege and the Affidavit of Counsel in support of Plaintiff 3Com Corporation's Motion for Contempt and for a Determination that Capital 4 has Waived Attorney-Client Privilege and in support of Plaintiff's Motion to Disqualify Simon H. Hughes and Ronald P. Gossett, filed herewith.

    As more fully set forth in 3Com's Memorandum in support of this Motion, 3Com initiated this action against Capital 4 and its principals, F. Davis Dawson and Ishmael Villa-Lobos, advancing a number of claims, including a claim for defamation. 3Com sought

preliminary injunctive relief in connection with its defamation claim, and Capital 4 and its principals stipulated to the entry of a Stipulated Temporary Restraining Order and Preliminary Injunction, which expressly prohibits "Capital 4, including its principals, officers, directors, employees, agents, servants, successors and assigns" from "making defamatory statements concerning 3Com."

Notwithstanding their agreement to be enjoined from making defamatory statements concerning 3Com, Capital 4 and its former counsel, Simon H. Hughes, have joined in an effort to continue to publicly blame 3Com for Capital 4's failures to provide customers with telecommunications services. Notably, this is virtually the same conduct that 3Com moved to enjoin in this case. The only difference is that Hughes, one of Capital 4's counsel at the time the Stipulated Injunction issued, purports to have terminated his relationship with Capital 4; however, Hughes admits that his efforts to blame 3Com for Capital 4's failure to provide services to Capital 4's customers was undertaken with Capital 4's consent. It is also beyond dispute that Hughes solicited former Capital 4 customers as clients and, at least on behalf of two of them, made defamatory statements concerning 3Com to the effect that 3Com breached contractual and other obligations to former Capital 4 customers.

Capital 4's consent to Hughes' scheme to blame 3Com on behalf of former Capital 4 customers amounts to a voluntary waiver of the attorney-client privilege concerning Capital 4's Power of $Zero business because Capital 4 consented to Hughes' representation of its former customers knowing that the matter would be substantially related to this action. Capital 4 cannot reasonably claim that its consent would unknowingly result in Hughes' use of Capital 4's privileged and confidential information in connection with Hughes' zealous and diligent representation of its former customers. In providing its unqualified consent for Hughes to

represent the Texas Plaintiffs in the advancement of their claims relating to the Power of $Zero program, Capital 4 necessarily consented to Hughes' use of its privileged and confidential information for the benefit of those customers.

WHEREFORE, 3Com respectfully requests that this Court grant its Motion for Contempt and for a Determination that Capital 4 has Waived Attorney-Client Privilege in its entirety; issue an order finding: (1) that Defendant Capital 4, Inc. and Simon H. Hughes and The Hughes Law Firm, P.C. are in contempt of the Stipulated Temporary Restraining Order and Preliminary Injunction issued by the Court on November 2, 2007, and (2) that Capital 4 has waived the attorney-client privilege in connection with its business involving the Power of $Zero program; and grant such other and further relief as justice requires.

Respectfully submitted,

_____/s/ Daniel E. Rosenfeld_____
Daniel E. Rosenfeld (DR 4624)
Eileen E. Pott (admitted *pro hac vice*)
DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6100
*Counsel for Plaintiff 3Com Corporation*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 9th day of May, 2008, a true and correct copy of the foregoing document was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

  I also certify that on this date the foregoing was served, via electronic mail and via United Parcel Service, on the following:

Ronald P. Gossett, Esq.  
Gossett & Gossett, P.A.  
4700 Sheridan Street, Building I  
Hollywood, FL 33021  
RonGossett@gossettlaw.com  

Simon H. Hughes, Esq.  
The Hughes Law Firm, P.C.  
13280 Northwest Freeway, No. F-400  
Houston, TX 77040  
Simon@hugheslegal.com  

Thomas Vays, Esq.  
Winget, Spadafora & Schwartzberg, LLP  
45 Broadway, 19th Floor  
New York, NY 10006  
Vays.T@wssllp.com  

            _____*/s/ Eileen E. Pott*_____  
                Eileen E. Pott