UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

3COM CORPORATION,

    Plaintiff,

v.

CAPITAL 4, INC., et al.,

    Defendants.

Civ. No. 07-Civ.-8707(JSR) (JDF)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO DISQUALIFY SIMON H. HUGHES AND RONALD P. GOSSETT**

Daniel E. Rosenfeld (DR 4624)
Eileen E. Pott (admitted *pro hac vice*)
DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6100
*Counsel for Plaintiff 3Com Corporation*

# TABLE OF CONTENTS

I.    RELEVANT FACTUAL BACKGROUND ........................................................................... 1

II.    ADDITIONAL RELEVANT FACTS ................................................................................ 1

    A.    Hughes' Representation of Capital 4 .................................................................... 1

    B.    3Com's Demand that Hughes Withdraw from Representation of Texas Plaintiffs ............ 1

    C.    3Com's Depositions of Hughes, the Customer Witnesses and the Appearance of Ronald P. Gossett as Counsel for Hughes and the Customer Witnesses ......................................... 2

    D.    Hughes' Continued Representation of Capital 4's Former Customers is Consistent with Capital 4's Initial Consent ................................................................................ 3

III.    ARGUMENT ....................................................................................................... 3

    A.    Legal Standard for Disqualification .................................................................... 3

    B.    Hughes Must Be Disqualified ............................................................................ 5

    C.    Gossett Must Be Disqualified ............................................................................ 5

IV.    CONCLUSION……………………………………………………………...………….6

# TABLE OF AUTHORITIES

## STATE CASES

National Medical Enterprises, Inc. v. Godbey, 924 S.W.2d 123, 132 (Tex. 1996) ...................... 4, 5

Naughton-Marshall v. New York Div. of State Police, 952 F.Supp. 103, 108
    (N.D.N.Y. 1997)……………………………………………………………………………….4

In re George, 28 S.W.3d 511, 518 (Tex. 2000) ............................................................................ 4

## RULES OF PROFESSIONAL CONDUCT

N.Y. Jud. Law § DR 5-108……………………………………………………………………….4

Texas Rule of Professional Conduct 1.09(a) ................................................................................. 3

Plaintiff, 3Com Corporation ("3Com") moves the Court for an order disqualifying Capital 4's former counsel, Simon H. Hughes, and Ronald P. Gossett from representing any party affiliated with the Power of $Zero program, including but not limited to former customers of Defendant Capital 4, Inc. ("Capital 4") in connection with their depositions, which 3Com has subpoenaed in connection with this action.

## I. RELEVANT FACTUAL BACKGROUND

3Com incorporates by reference all of the facts contained and all of the documents referenced in paragraphs A through I in its Memorandum in Support of Plaintiff's Motion for Contempt and for a Determination that Capital 4 has Waved Attorney-Client Privilege ("Contempt Memo").  Terms in initial caps in this memorandum shall have the meanings set forth in Plaintiff's Contempt Memo.

## II. ADDITIONAL RELEVANT FACTS

### A. Hughes' Representation of Capital 4

Prior to the initiation of this action, in 2007 Hughes represented Capital 4 in negotiations with 3Com, financial institutions which had entered into lending agreements with Power of $Zero customers, service providers and Capital 4's customers surrounding, among other things, Capital 4's failure to meet its financial obligations.

### B. 3Com's Demand that Hughes Withdraw from Representation of Texas Plaintiffs

When 3Com learned that Hughes was representing former Capital 4 customers asserting claims against 3Com,  3Com sent Hughes a facsimile-transmitted letter asserting that his representation of former Capital 4 Power of $Zero customers was improper and that if Hughes declined to withdraw, 3Com would seek his disqualification from the representation.  See March 7, 2008 correspondence from D. Rosenfeld to S. Hughes, attached as Exhibit O to Counsel Aff.

1

### C.   3Com's Depositions of Hughes, the Customer Witnesses and the Appearance of Ronald P. Gossett as Counsel for Hughes and the Customer Witnesses

3Com issued subpoenae to both Simon Hughes and The Hughes Law Firm, P.C. on March 12, 2008.  At the time the subpoenae were served, 3Com considered Capital 4's attorney-client privilege relating to its business concerning the Power of $Zero program to have been waived.[1]  Accordingly, 3Com's schedules identifying documents to be produced and topics to be covered included both documents and testimony to which the privilege formerly attached and documents and testimony to which it never attached.  See subpoenae to S. Hughes and The Hughes Law Firm, P.C., attached as Exhibits P and Q, respectively, to Counsel Aff.

In addition, on March 27, 2008, 3Com issued subpoenae to seven (7) of the Texas Plaintiffs[2] ("Customer Witnesses") to discover information pertaining to, among other things, 3Com's injury.

On March 31, 2008, Ronald P. Gossett, a Florida lawyer, notified counsel for 3Com that he was counsel for Hughes in connection with 3Com's subpoenae to Hughes.  On April 9, 2008, Gossett notified counsel for 3Com that he was also representing the Customer Witnesses subpoenaed by 3Com and the remainder of the Texas Plaintiffs (whom 3Com had not yet subpoenaed).  After 3Com complained to Gossett on April 23, 2008, that his simultaneous representation of the Customer Witnesses, the Texas Plaintiffs and Hughes was improper, Hughes informed 3Com's counsel that he had terminated Gossett as his lawyer.  While Gossett did not confirm his withdrawal as Hughes' counsel, Gossett did confirm to 3Com's counsel in writing that 3Com's counsel could communicate directly with Hughes.  Gossett refused to

---

[1] Capital 4's waiver of its attorney-client privilege is discussed at greater length in 3Com's Memorandum in Support of its Motion for Contempt and for a Determination that Capital 4 has Waived Attorney-Client Privilege, filed herewith.

[2] 3Com subpoenaed Comport Network Services and Solutions; Zepplin, Inc.; Texas Network of Youth Services; Temsco, Inc.; North Central Communications; Grace Products Corporation; and Evans, Ewan & Brady Insurance Agency.

2

withdraw as counsel for the Customer Witnesses. Moreover, upon information and belief, Gossett's representation of the Customer Witnesses is in participation with Hughes pursuant to a fee splitting arrangement. In that regard, in mid-March, Hughes told counsel for one of the Customer Witnesses that in connection with Texas Action, "he would equitably spread his time among all his clients and that Gossett agreed to do the same." See March 14, 2008 e-mail from P. Jordan to P. Kamrath, attached as Exhibit R to Counsel Aff. That fee splitting arrangement, which appears to have been put into force after Mr. Hughes' purported withdrawal from the representation on March 11.

### D. Hughes' Continued Representation of Capital 4's Former Customers is Consistent with Capital 4's Initial Consent

Despite all of these conflicting assertions, and after Capital 4 provided counsel for 3Com with a copy of Capital 4's unsigned letter, Mr. Hughes and Mr. Vays told 3Com's counsel and this Court that Mr. Hughes had withdrawn as counsel for the former Capital 4 customers.[3] Later that afternoon, however, Mr. Hughes served on counsel for 3Com a pleading that Hughes filed in connection with the Texas Action on behalf of the Texas Plaintiffs. See Plaintiff's Notice of Nonsuit, attached as Exhibit N to Counsel Aff. Thus, at a minimum, Hughes' representation to this Court that he had withdrawn was knowingly false and Gossett failed to correct it.

### III. ARGUMENT

#### A. Legal Standard for Disqualification

Rule 1.09(a) of the Texas Rules of Professional Conduct, to which Hughes is bound, provides, in pertinent part, that:

> Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client:

---

[3] In opposing 3Com's application for leave to file this Motion, both Mr. Vays, Capital 4's counsel of record, and Hughes made this representation.

3

> (1) in which such other person questions the validity of the lawyer's services or work product for the former client;
>
> (2) if the representation in reasonable probability will involve a violation of Rule 1.05; or
>
> (3) if it is the same or a substantially related matter.

Tex. Rules of Prof. Conduct, Rule 1.09(a).[4] The Texas Supreme Court has applied Rule 1.09 to disqualify a lawyer who takes on a matter for a client whose interests are adverse to a former client such that, among other things, the "diligent development of the case will bring to public light information adverse to [the former client] that is not presently publicly known and that otherwise would have passed unnoticed…" Nat'l Med. Enter., Inc. v. Godbey, 924 S.W.2d 123, 132 (Tex. 1996). New York law is in accord. Naughton-Marshall v. New York Div. of State Police, 952 F.Supp. 103, 108 (N.D.N.Y. 1997).

In addition, there is persuasive authority indicating that when an attorney is disqualified, successor counsel is not presumptively entitled to the disqualified lawyer's work product, particularly where the disqualified lawyer was disqualified on the basis of a conflict of interest stemming from an adverse prior representation. See, e.g., In re George, 28 S.W.3d 511, 518 (Tex. 2000) (holding that there exists a rebuttable presumption that work product contains

---

[4] Disciplinary Rule 5-108(a) of the New York Code of Professional Responsibility provides that:
> (a) Except as provided in section 1200.45(b) of this Part with respect to current or former government lawyers, a lawyer who has represented a client in a matter shall not, without the consent of the former client after full disclosure:
>
> (1) Thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client.
>
> (2). Use any confidences or secrets of the former client except as permitted by section 1200.19(c) of this Part, or when the confidence or secret has become generally known.

confidential information and requiring successor counsel to demonstrate the absence of such confidential information in the desired work product prior to obtaining it from the disqualified lawyer).

### B. Hughes Must Be Disqualified

Hughes' conduct requires that he be disqualified from representing the Customer Witnesses in connection with this action. First, Hughes' solicitation of clients by defaming 3Com in violation of the Stipulated Injunction entered in this action reveals that Hughes is unwilling to comport himself with due regard for this Court's orders and for his and his former client's agreements.[5]

Second, Hughes' representation of the Customer Witnesses is directly adverse to Capital 4's interests within the meaning of the Texas and New York disciplinary rules. Given the nature of the claims pending in this action and in the Texas Action, it is clear that to the extent that the Texas Plaintiffs recover damages from 3Com in connection with the interruption of their telecommunications services, 3Com previously stated a claim against Capital 4 for precisely those damages. Accordingly, the Texas Action is directly adverse to Capital 4 because the Texas Action is likely to implicate Capital 4's confidences held by Hughes and further is likely to bring to light information that will inure to Capital 4's detriment. See generally Nat'l Med. Enter., Inc. v. Godbey, 924 S.W.2d 123 (Tex. 1996) (disqualifying counsel who previously represented adverse party).

### C. Gossett Must Be Disqualified

Gossett must be disqualified as well, particularly in the event that he has received work product from Hughes, which is likely given Gossett's former representation of Hughes in

---

[5] Hughes' conduct in this regard is described at greater length in 3Com's Memorandum for Contempt and for a Determination that Capital 4 has Waived Attorney-Client Privilege.

5

connection with discovery in this action.  In re George, 28 S.W.3d 511 (Tex. 2000).  Further, Gossett's participation in Hughes' scheme to defame 3Com and file baseless lawsuits by exploiting Hughes' possession of Capital 4's confidential and privileged information bars Gossett from representing the Customer Witnesses.

## IV.     CONCLUSION

For the foregoing reasons, 3Com respectfully requests that this Court enter an order disqualifying Simon H. Hughes and Ronald P. Gossett from representing any party affiliated with the Power of $Zero program, including but not limited to the deponents Comport Network Services and Solutions; Zepplin, Inc.; Texas Network of Youth Services; Temsco, Inc.; North Central Communications; Grace Products Corporation; and Evans, Ewan & Brady Insurance Agency.  3Com respectfully requests further that the Court grant such other and further relief as justice requires.

Respectfully submitted,

___/s/ Daniel E. Rosenfeld_____
Daniel E. Rosenfeld (DR 4624)
Eileen E. Pott (admitted *pro hac vice*)
DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6100
*Counsel for Plaintiff 3Com Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of May, 2008, a true and correct copy of the foregoing document was served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

      I also certify that on this date the foregoing was served, via electronic mail and via United Parcel Service, on the following:

Ronald P. Gossett, Esq.
Gossett & Gossett, P.A.
4700 Sheridan Street, Building I
Hollywood, FL 33021
RonGossett@gossettlaw.com

Simon H. Hughes, Esq.
The Hughes Law Firm, P.C.
13280 Northwest Freeway, No. F-400
Houston, TX 77040
Simon@hugheslegal.com

Thomas Vays, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006
Vays.T@wssllp.com

                                              _____*/s/ Eileen E. Pott*_____
                                                      Eileen E. Pott