# EXHIBIT D

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between Evans, Ewan & Brady Insurance Agency, Inc. ("Customer") and Capital 4, Inc. ("Capital 4"). (Customer and Capital 4 are collectively referred to as the "Parties", each a "Party".)

Customer and Capital 4 entered into a Customer Service Agreement (the "Capital 4 Agreement") dated August 26, 2005, a copy of which is attached as Exhibit "A" and incorporated by reference.

Customer and De Lage Landen Finanical Services ("DLL") entered into a Lease Agreement (the "DLL Lease") dated August 26, 2005, a copy of which is attached as Exhibit "B" and incorporated by reference.

Disputes arose between Customer and Capital 4, concerning each Party's respective rights, duties, and obligations under the Capital 4 Agreement and the DLL Lease (the "Disputes").

As a result of the Disputes, the Parties now desire to compromise and settle, among themselves, all claims encompassed within the Disputes, based upon the Capital 4 Agreement and the DLL Lease, including all claims that were or could have been asserted by any Party. The Parties intend that the full terms and conditions of the settlement be set forth in this Settlement Agreement.

For and in consideration of the recitals set forth above, the promises and covenants contained herein, and other good and valuable consideration transferred, given, and received in accordance with the terms of this Agreement, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

- Capital 4 has, at its own expense, removed the technologies/equipment installed by Capital 4 at Customer's facility;
- Capital 4 has discontinued providing all telecom/data services to Customer, who is now obtaining such services from another vendor; and
- Capital 4 and Customer have agreed to a reconciliation of amounts due for telecom/data services provided, and all offsets due Customer (the "Reconciliation"). Under the Reconciliation, neither Capital 4 nor Customer shall remit a payment to one another.

In addition, the Parties agree:

Customer, including its successors and assigns, and all agents, servants, and employees, and all persons, natural or corporate, in privity with them, or any of them, (the "Customer Group") releases, and by these present, hereby releases, acquits, and forever discharges Capital 4, Inc., including all agents, servants, and employees, and all persons, natural or corporate, in privity with them, or any of them, (the "Capital 4 Group") from any and all claims or causes of action of any kind whatsoever, that the Customer Group has or might have, known or unknown,

*Settlement Agreement and Release – Page 1 of 4*

now existing or that might arise hereafter, directly or indirectly attributable or arising from any and all prior business agreements or transactions, including any and all claims based upon the Capital 4 Agreement and the DLL Lease, the Disputes, and any and all claims that were or could have been asserted by the Customer Group against the Capital 4 Group.

The Parties agree that the Capital 4 Agreement is hereby rescinded. All rights, duties, and obligations under the Capital 4 Agreement are terminated, save and except the specific rights, duties, and obligations, as set forth in this Agreement.

Customer understands and acknowledges that its obligations under the DLL Lease remain intact. In accordance with the cancellation/termination provision in the Capital 4 Agreement, on a monthly basis, Capital 4 shall pay to Customer an amount equal to the monthly payment that Customer is required to pay DLL under the DLL Lease. These payments shall continue for the period specified in the DLL Lease. Customer specifically requires that all such payments be remitted by Capital 4 to The Hughes Law Firm Trust Account (Tax ID No. 76-0674391). The payments must be remitted via wire transfer:

> Amegy Bank
> ABA Routing Number 113011258
> For deposit in "The Hughes Law Firm Trust Account"
> Account 3161560

Customer specifically requests that upon receipt of such funds, the manager of The Hughes Law Firm Trust Account prepare a Cashier's Check made payable to DLL, on Customer's behalf, and immediately remit such check to DLL, in satisfaction of the monthly payment, payable to DLL under the DLL Lease. In the event that any such remittance is not accepted by DLL, the manager of The Hughes Law Firm Trust Account shall immediately prepare a Cashier's Check made payable to Customer, and remit such check directly to Customer. In no way does Capital 4's remittance of such payments to The Hughes Law Firm Trust Account, or the subsequent remittance of such Cashier's Check to DLL or Customer in any way abrogate Customer's obligations under the DLL Lease. Additionally, Customer agrees to provide Capital 4's counsel, Simon Hughes of The Hughes Law Firm, with a copy of any invoice or communication received from DLL or any other entity or individual in connection with the DLL Lease. All such communications shall be sent to:

> The Hughes Law Firm
> Attention: Simon Hughes
> 13280 Northwest Freeway
> No. F-400
> Houston, Texas 77040
> Fax 713-896-8450
> simon@hugheslegal.com

In the event of any dispute regarding funds remitted by Capital 4 to The Hughes Law

Firm Trust Account, for the benefit of the Customer, the Parties agree that the Hughes Law Firm Trust Account shall retain such funds in trust, until ordered by a court of competent jurisdiction to pay the funds to a particular Party.

This Agreement shall be binding upon and inure to the benefit of all of the Parties and their respective representatives, predecessors, successors, assigns, subsidiaries, affiliates, directors, officers, agents, attorneys, shareholders, partners, employees, heirs, executors, and administrators.

The Parties represent that they are competent to execute this Agreement and are not relying upon any promise or representation of any kind made by any other Party or anyone acting for them, except as expressly stated in the Agreement.

The Parties represent that they are relying solely upon their own judgment and the advice of counsel in making this Agreement.

This Agreement contains the entire agreement between the Parties and supersedes any and all prior agreements, arrangements, or understandings between the Parties relating to the subject matter. No oral understandings, statements, promises, or inducements contrary to the terms of this Agreement exist.

The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions hereof, and the Agreement shall be construed in all respects as if such invalid or unenforceable provisions were omitted.

This Agreement shall be governed by, construed, and enforced in accordance with, and subject to, the laws of the State of Texas.

This Agreement shall be executed in multiple, identical counterparts, each of which constitutes an original for all purposes.

Executed on this 28th day of June 2006.

_____  
Capital 4, Inc.  
By:    F. Davis Dawson

_____  
Evans, Ewan & Brady Insurance Agency, Inc.  
By:    Ken Ewan