# EXHIBIT K



No. 2008-14915

| | | |
|---|---|---|
| Texas Network of Youth Services, et al., Plaintiffs | § § § | ___ Judicial District Court |
| v. | § | Harris County, Texas |
| 3Com Corporation, et al., Defendants | § § § | |

### PLAINTIFFS' ORIGINAL PETITION, AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

Plaintiffs were forced to file this lawsuit as the result of Defendants' wrongful and tortious conduct, and for cause, would show the Court as follow:

### I. Discovery Control Plan

1.1  Plaintiffs intend that discovery be conducted under Level 3 (Rule 190.4) of the Texas Rules of Civil Procedure.

### II. Parties

2.1  Plaintiff Texas Network of Youth Services is a non-profit corporation, doing business in Austin, Travis County, Texas.

2.2  Plaintiff Grace Products, Inc. is a corporation, doing business in Richardson, Dallas County, Texas.

2.3  Plaintiff Temsco, Inc. is a corporation, doing business in Lewisville, Denton County, Texas.

2.4  Plaintiff Evans, Ewan & Brady Insurance Agency, Inc. is a corporation, doing business in Georgetown, Williamson County, Texas.

2.5  Plaintiff Comport Network Services and Solutions, Inc. is a corporation, doing business in Fort Worth, Tarrant County, Texas.

2.6  Plaintiff North Central Communications, Inc. is a corporation, doing business in Dallas, Dallas County, Texas.

2.7  Plaintiff Zepplin, Inc. d/b/a All Import Auto Parts is a corporation, doing business in Dallas, Dallas County, Texas.

2.8     Plaintiff Cornerstone Land Surveying, Inc. is a corporation, doing business in St. Louis, St. Louis County, Missouri.

2.9     Plaintiff SolutionPros, Inc. is a Missouri Subchapter S Corporation (formerly known as Bohn & Johnson, a Missouri partnership), doing business in Kansas City, Missouri.

2.10    Plaintiff Litchfield Family Practice Center, LLP is a Limited Liability Partnership doing business in Litchfield, Illinois.

2.11    Plaintiff Bank & Trust Company is a community bank, doing business in Litchfield, Illinois.

2.12    Defendant 3Com Corporation ("3Com") is a foreign corporation existing under the laws of the State of Delaware, licensed to do business in the State of Texas. It may be served with process by serving its registered agent: CT Corporation Systems 350 North St. Paul Street, Dallas, Dallas County, Texas 75201.

2.13    Defendant Glenn G. Ewing ("Ewing") is an individual residing in Cypress, Harris County, Texas. He may be served with process at his place of residence, 16706 Ingleside Park, Cypress, Harris County, Texas 77429-8158, or wherever he may be found.

2.14    Defendant Main Street National Bank a/k/a Main Street Bank ("Main Street")is a national banking association (Charter Number 18104) and or a non-member bank/state chartered bank with its main office at 23970 U.S. Highway 59 North Kingwood, Texas 77339. It may be served with process by serving its registered agent or its officers Sherry Wolfe, Vice President and Branch Manager, 908 E. Houston Street, Cleveland, Liberty County, Texas 77327.

2.15    Defendant De Lage Landen Financial Services, Inc. ("DLL") is a foreign corporation existing under the laws of the State of Michigan, doing business in the State of Texas. Its main office address is 1111 Old Eagle School Road Wayne, Pennsylvania 19087-1453. Its agent or officer for service of process at its home office in the state of Pennsylvania is Abraham Bernstein, President, 1 Presidential Blvd., Bala-Cynwyd, Pennsylvania 19004. Alternatively, DLL may be served by and through its general counsel, Peter Ochroch, at 1111 Old Eagle School Road Wayne, Pennsylvania 19087-1453. This Court has jurisdiction over Defendant DLL because it has purposely availed itself of the privileges and benefits of conducting business in the State of Texas, by one or more of the following:

- Committing one or more tortious or wrongful acts, which is the subject of this suit, in whole or in part in the State of Texas. In particular, by its acts and omissions, Defendant DLL made representations to Plaintiffs regarding the 3Com Power of $Zero™ Solution. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2).

- Engaging in business in Texas by soliciting and contracting with Plaintiffs, the majority of which are Texas residents, with such solicitations occurring, and any resulting contracts to be performed in whole or in part by Plaintiffs and Defendant, in the State of Texas. The solicitations and representations that form the basis of this lawsuit, and the resulting contracts and agreements at issue occurred between the 2005 and 2006. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(1).

As Defendant DLL has engaged in business in the State of Texas, but has not appointed a registered agent for service, Defendant DLL may be served by forwarding the petition and citation to the Texas Secretary of State (at 1019 Brazos Street, Austin, Texas 78701) as Defendant DLL's agent for service, which may then forward it to Defendant DLL's officer or agent for service of process, at its home office in the state of Pennsylvania - Abraham Bernstein, President, 1 Presidential Blvd., Bala-Cynwyd, Pennsylvania 19004. Alternatively, DLL may be served by and through its general counsel, Peter Ochroch, at 1111 Old Eagle School Road Wayne, Pennsylvania 19087-1453.

### III. Jurisdiction & Venue

3.1  The amount in controversy exceeds the minimal jurisdictional limits of this Court.

3.2  Venue is proper in Harris County because that is where all or a substantial part of the events, acts, or omissions giving rise to the claims occurred. As explained in much greater detail below (¶¶ 4.31 – 4.34), the 3Com Power of $Zero™ Customer Agreement executed by each of the Plaintiffs - the primary document upon which this litigation is based - specifically provides:

> The Agreement shall be governed by, construed, and enforced in accordance with, and subject to, the laws of the State of Texas. The parties hereby irrevocably and unconditionally consent to the exclusive jurisdiction of the courts of the State of Texas and of the United States of America located in the State of Texas, Harris County for any actions, suits, or proceedings *arising out of or relating to the Agreement.* The parties shall not commence any action, suit, or proceeding arising out of or relating to the Agreement in any court other than those specified.

(Emphasis Added) TEX. CIV. PRAC. & REM. CODE ANN. § 15.035; TEX. BUS. & COM. CODE §17.56.

*Plaintiffs' Original Petition – Page 3 of 28*

### IV. Factual Background
**The Power of $Zero™ Solution**

4.1  The claims encompassed in this lawsuit arise out of the promotion and sale of a services and equipment agreement which has come to be known as the "3Com Power of $Zero™ Solution." Originally, the Power of $Zero™ Solution was created by Capital 4, Inc.[1] ("Capital 4") – a company located in Houston, Harris County, Texas.

4.2  Between 2002 and 2007, Capital 4 developed and marketed the sales program, which has come to be known as the 3Com Power of $Zero™ Solution. The basic premise of this sales program is set forth in Ex. A.[2] Essentially, the sales program states:

- How much is the customer spending each month for telecom and data services (currently provided by AT&T or other providers)?
- For that same expense per month, the customer will receive all of its telecom and data services through this program.
- In addition, the customer's existing obligations to its telecom and data service providers will be discharged.
- And, as an incentive to enter the agreement, the customer will also receive (at no additional cost) a brand new 3Com phone system (or a cash rebate, or both).

Capital 4 and 3Com marketed and promoted the program.

---

[1]  Between 2004 and 2007, Plaintiff's counsel, Simon Hughes, represented Capital 4 in various matters. Capital 4 ceased doing business in the fall of 2007. At that time, Hughes terminated his representation of Capital 4, and, with each Court's approval, withdrew from each case in which he had represented Capital 4. While not a conflict, the existence of this prior representation has been fully-disclosed to all Plaintiffs. Similarly, Capital 4 is fully aware of, and does not object to Hughes' representation of Plaintiffs in this litigation against 3Com and other parties.

[2]  The following Exhibits are attached and incorporated by reference for all purposes.

| | |
|---|---|
| Ex. A | 3Com Power of $Zero™ Solution Promotional Materials. |
| Ex. B-1 | 3Com Power of $Zero™ Solution Case Study – YMCA. |
| Ex. B-2 | 3Com Power of $Zero™ Solution Case Study – Glazier Foods. |
| Exs. C-1 to C-1 | Copies of at least a portion of the Agreements provided to each Plaintiff when they purchased the 3Com Power of $Zero™ Solution. |
| Exs. D-1 to D-11 | Copies of the Financing Agreement each Plaintiff was required to sign as part of the 3Com Power of $Zero™ Solution. |
| Exs. E-1, E-2 | Copy of web posted terms which were incorporated by reference into the 3Com Power of $Zero™ Solution Customer Agreement. |
| Exs. F-1, F-2 | Samples of correspondence sent by the Financing Companies, reducing each Plaintiff's monthly payment when the telecom and data services were no longer being provided. |
| Exs. G-1 to G-9 | Copy of nine (9) Original Complaints filed by Defendant DLL against each of the nine (9) Plaintiffs sued by DLL, filed between February 4th and February 19th, 2008, in the Court of Common Pleas of Chester County, Pennsylvania. |
| Exs. H, H-1 to H-5 | Affidavit of Simon Hughes, and referenced correspondence and communications with DLL's attorneys. |
| Exs. I1 to I-9 | Affidavits of Plaintiffs sued by DLL in DLL Pennsylvania Lawsuits. |

*Plaintiffs' Original Petition –Page 4 of 28*

### Plaintiffs Purchased the 3Com Power of $Zero™ Solution

4.3    Between 2005 and 2006, each of the Plaintiffs purchased the 3Com Power of $Zero™ Solution. Prior to doing so, each Plaintiff was provided with a detailed, web-based sales presentation describing the program. By way of example, and certainly not limitation, the experiences of two of the Plaintiffs which purchased 3Com Power of $Zero™ Solution are set forth below.

<u>Plaintiff Evans, Ewan & Brady Insurance Agency</u>

4.4    In 2005, Network Logistics, Inc. of Austin, Texas ("NLI"), a 3Com "Voice Authorized Partner" approached Plaintiff Evans, Ewan & Brady Insurance Agency in Georgetown, Texas ("EEB") concerning its telecom and data services, and the replacement of the telephone system at its facility. EEB was provided with the web-based sales presentation on the 3Com Power of $Zero™ Solution, promoted as a viable, cost-effective alternative to a traditional equipment sale (necessitating that EEB continue to maintain one or more separate agreements with other vendors for the delivery of its telecom and data services). Persuaded by the promotional materials describing the program's numerous benefits, and relying upon 3Com's name and reputation, on or about August 26, 2005, EEB executed the 3Com Power of $Zero™ Solution Customer Agreement, and, and, as a requirement of the 3Com Power of $Zero™ Solution, also signed a Financing Agreement with DLL.

4.5    Numerous failures occurred in connection with the delivery of both the telecom and data services and equipment. Completely dissatisfied with voice quality and performance, in March of 2006, EEB elected to invoke the "Good Cause" provision of the 3Com Power of $Zero™ Solution Customer Agreement, returning the equipment, and canceling the obligations encompassed in the 3Com Power of $Zero™ Solution. Thereafter, EEB's telecom and data services were transferred to other providers, and the equipment was removed from the premises, and replaced with a different phone system.

4.6    Between March of 2006 and the Fall of 2007, 3Com's provisioning partner, Capital 4, remitted payments alleged due under EEB's Financing Agreement with DLL. However, when Capital 4 became insolvent, EEB received notice that Capital 4 would no longer remit these payments. Consequently, EEB is faced with the prospect of having to remit to DLL all remaining payments alleged due under the 3Com Power of $Zero™ Solution Customer Agreement, and the Financing Agreement with DLL, even though EEB is not receiving any services, no longer has any of the equipment, and properly invoked the Good Cause provision, terminating these agreements.

### Plaintiff Bank & Trust Company in Litchfield, Illinois

4.7  In 2006, Metropark Communications, Inc. ("Metropark") of St. Louis, Missouri, a 3Com "Voice Authorized Partner" and "Platinum Dealer", approached The Bank & Trust Company ("Bank & Trust") concerning its telecom and data services, and the replacement of the telephone systems at its multiple locations. Metropark provided Bank & Trust with a web-based sales presentation on the 3Com Power of $Zero™ Solution, promoted as a viable, cost-effective alternative to a traditional equipment sale (necessitating that Bank & Trust continue to maintain one or more separate agreements with other vendors for the delivery of its telecom and data services). Persuaded by the promotional materials describing the program's numerous benefits, and relying upon 3Com's name and reputation, Bank & Trust purchased the 3Com Power of $Zero™ Solution. That decision was based upon 3Com's numerous representations:

> The 3Com® Power of $Zero™ Solution can transform your company's recurring expenses into a profit center, help reduce telecom and 3Com equipment expenses to zero, and ensure your business has the advanced technology needed for success in today's marketplace.

In its literature and on its website, 3Com urged customers (including Plaintiffs) to "entrust your telecom services to the Power of $Zero program." 3Com assured Bank & Trust that it would enhance its business with "innovative, secure communications solutions", and that it would "simplify administering them with single monthly invoices from one provider."

4.8  Bank & Trust was advised that in order to solve the "challenge" of needing new equipment and employing new technologies, it could rely upon certain 3Com "solutions" including, the 3Com Power of $Zero™ Solution – which was described as an "innovative, new financial program." Moreover, 3Com specifically represented that Bank & Trust would reap the benefits of 3Com's Nationwide Intelligent Private Network (IPN).

4.9  Relying upon the 3Com name, and sold on the purported benefits of the 3Com Power of $Zero™ Solution, on or about April 4, 2006, Bank & Trust executed the executed the 3Com Power of $Zero™ Solution Customer Agreement, and, as a requirement of the 3Com Power of $Zero™ Solution, on April 21, 2006, signed a Financing Agreement with Main Street.

4.10  Numerous failures occurred in connection with the delivery of both the telecom and data services and equipment. In the fall of 2007, Bank & Trust received notice that the telecom and data services to be delivered under the 3Com Power of $Zero™ Solution Customer Agreement, and