# EXHIBIT O



DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
www.dlapiper.com

Daniel E. Rosenfeld
daniel.rosenfeld@dlapiper.com
T  617.406.6078
F  617.406.6178

March 7, 2008
VIA FACSIMILE TO (713) 896-8450 AND
VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

Certified Article Number
7160 3901 9849 4496 6305
SENDERS RECORD

Simon H. Hughes, Esq.
The Hughes Law Firm, P.C.
13280 Northwest Freeway, No. F-400
Houston, Texas 77040

Re:   (1) The Bank & Trust Company
      (2) Litchfield Family Practice Center
      (3) Evans, Ewan & Brady Insurance Agency, Inc.

Dear Simon:

As counsel for 3Com Corporation ("3Com"), I write with regard to the demand letters you authored on behalf of the three Capital 4, Inc. ("Capital 4") customers referenced above ("Letters"). This correspondence is not intended to address the merits of the allegations contained in any of those Letters. 3Com's responses to the allegations in the Letters will be transmitted under separate cover.

In the meanwhile, as you know, 3Com, Capital 4 and Capital 4's principals are currently involved in litigation in the United States District Court for the Southern District of New York in an action styled 3Com v. Capital 4, Inc. et al, No. 1:07-cv-08707-JSR-JDF (S.D.N.Y.) concerning the Power of $Zero program ("New York Action"). Prior to the initiation of that action and during its early stages, you represented Capital 4, and in that capacity, among other things, you negotiated Capital 4's agreements with 3Com, and with 3Com and various other parties on behalf of Capital 4 when Capital 4 failed to meet its financial and business obligations in 2007. In fact, at the time that Capital 4 and its principals consented to the entry of a preliminary injunction against them in the context of the New York Action, you represented to the Court, to Capital 4's and its principals' defense counsel, and to me that you were then counsel for Capital 4 and had substantial working knowledge of 3Com's business with Capital 4.

In light of the foregoing, you are likely to be a material witness in the New York Action. Further, if 3Com were to uncover information demonstrating your involvement in Capital 4's and its principals' fraud and/or other torts as alleged in the context of the New York Action, 3Com may consider joining you as a defendant in the New York Action or instituting separate litigation against you. In addition, given your familiarity with Capital 4's agreements with 3Com, you should be aware that Capital 4, not 3Com, was "required" to provide telecommunications services to the Customers on behalf of whom you have made demands to 3Com. Also, you should be aware that Capital 4 agreed to indemnify 3Com against such claims. As a result, should the Customers initiate suit against 3Com, your ability to represent those customers may become adversely limited by your own interest in the outcome of the action(s).



Simon H. Hughes, Esq.
March 7, 2008
Page 2

In view of the foregoing, it is our view that your representation of Power of $Zero customers in connection with purported disputes with 3Com is improper. Accordingly, if any of the Customers initiates an action against 3Com, 3Com will move for your disqualification from representation of the Customers.

Very truly yours,

Daniel E. Rosenfeld

BOST1\510748.3

