**EXHIBIT P**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

SOUTHERN  DISTRICT OF  TEXAS

| 3COM CORPORATION | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| CAPITAL 4, INC., ET AL. | Case Number:[1] 1:07-cv-08707-JSR-JDF |
| | SOUTHERN DISTRICT OF NEW YORK |

TO: SIMON HUGHES, ESQ.
THE HUGHES LAW FIRM P.C.
13280 NORTHWEST FREEWAY, NO. F-400
HOUSTON, TX 77040

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The deposition will be recorded by stenographer and videographer.

| PLACE OF DEPOSITION  DLA PIPER US LLP, 600 TRAVIS STREET, CHASE TOWER SUITE 1700, HOUSTON, TX 77002 | DATE AND TIME  4/3/2008 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT A.

| PLACE  DLA PIPER US LLP, 600 TRAVIS STREET, CHASE TOWER SUITE 1700, HOUSTON, TX 77002 | DATE AND TIME  3/21/2008 5:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 3/12/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
DANIEL E. ROSENFELD, ESQ., DLA PIPER US LLP,
33 ARCH STREET, 26TH FLOOR, BOSTON, MA 02110 (617-406-6078)

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

3COM CORPORATION,

        Plaintiff,

-against-                             Civ. No. 1:07-cv-08707-JSR-JDF

CAPITAL 4, INC., et al.,                   **NOTICE OF DEPOSITION**
                                                   **OF SIMON HUGHES**

        Defendants.

TO:    Simon H. Hughes, Esq.
          The Hughes Law Firm, P.C.
          13280 Northwest Freeway, No. F-400
          Houston, Texas 77040

       PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, plaintiff 3Com Corporation will take the stenographed and videographed deposition upon oral examination of Simon H. Hughes, Esq. The deposition will commence on April 3, 2008 at 10:00 a.m. at the offices of DLA Piper US LLP, 600 Travis Street, Chase Tower Suite 1700, Houston, TX 77002-3009, before a Notary Public or other officer authorized to administer oaths. The examination will continue from day-to-day until completed.

       You are invited to attend and cross-examine.

                                                         3COM CORPORATION
                                                         By its attorneys,

                                                          Daniel E. Rosenfeld (DR-4624)
                                                         Eileen E. Pott (admitted *pro hac vice*)
                                                         DLA PIPER US LLP
                                                         33 Arch Street, 26th Floor
                                                        Boston, MA 02110-1447
                                                         (617) 406-6000 (*telephone*)

Dated: March 12, 2008

BOST1\511603.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via first class mail and email on Luigi Spadafora and Thomas Vays of Winget, Spadafora & Schwarzberg, LLP, 45 Broadway, 19th Floor, New York, NY 10006 on this 12th day of March, 2008.

_Daniel E. Rosenfeld_

# ATTACHMENT A

## Instructions

1. You are required to produce and permit inspection and copying of every requested document and the inspection and copying of each tangible thing that is in your possession, custody or control or that is in the possession, custody or control of your principals, agents, employees, attorneys, representatives, insurers, internet service providers and any other persons or entities, acting or purporting to act on your behalf, and any other persons or entities in active concert and participation with you, whether past or present and without regard to whether their relationships with you currently exist or have been terminated.

2. You are required to produce pursuant to this Request the original of every requested document and tangible thing and any copies that have been altered in any way or that contain on their face additional markings, comments, or information. If the original of any document is not available, the most legible copy should be produced.

3. You are requested to produce information and/or documents you currently store in electronic format in electronic format.

4. You are requested, if you are unable to obtain any document required to be produced pursuant to this Request because the document is in the possession, custody, or control of any other person or entity, to state for each document:

    (a) the nature of the document (e.g., letter, memorandum, etc.);

    (b) the date of the document;

    (c) the author of the document;

    (d) the name and address of each person or entity to whom the document was given, shown or sent;

    (e) a description of the efforts taken by you to obtain the document; and

    (f)    the reasons, if any, given by the person or entity in possession, custody, or control of the document for not providing it to you for production to 3Com pursuant to these Requests.

5.    If you claim that any document or object requested to be identified or any other information is not subject to disclosure because of any privilege, the attorney work product doctrine, or other permissible exclusion from discovery, then for each such document, object or item of information please provide the following information:

    (a)    the nature and source of the document, object or item of information (e.g., letter, memorandum, etc.);

    (b)    the date of the document or item of information;

    (c)    the author of the document or item of information;

    (d)    the names and addresses of those to whom the document or item of information was given, shown or sent;

    (e)    the number of pages of the document, and an identification of any attachment thereto;

    (f)    an explanation of the privilege or exclusion claimed and the basis of that claim, including an identification of whose privilege protects the document from disclosure;

    (g)    the material contained therein, if any, for which you do not claim a privilege or exclusion from discovery; and

    (h)    the paragraph of the document request to which the document or item of information relates.

6.    If any responsive document or object was in your possession or control but is now in the possession, custody or control of any other person or entity, or has been disposed of, lost, discarded or destroyed, identify each such document, specifying:

    (a)    its author, addressee, date, subject matter and all persons to whom copies were furnished;

BOST1\510776.1

(b) describe the contents of the document, stating when the document was in your control or possession; and

(c) state its current location or the date of disposition and the person responsible therefore, and the reason for the loss, destruction or discarding.

### Definitions

As used herein, the words and phrases set out below shall have the following meanings:

1. "Documents" encompasses all items that are within the scope of Rules 34 and 26 of the Federal Rules of Civil Procedure, and shall therefore include, without limitation, any writing, drawing, graph, chart, photograph, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained. In addition, the term "document" as used herein shall include correspondence, memoranda, notes, computer printouts, computer disks, or any other manner of memorializing or storing data or information, and any other tangible object or objects otherwise responsive to a specific request.

2. "Concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

3. "You," or "Your," refers to Simon H. Hughes and his representatives and attorneys.

4. "Capital 4" refers to Capital 4, Inc.

5. "Dawson" refers to Defendant F. Davis Dawson, an officer of Capital 4.

6. "Villa-Lobos" refers to Defendant Ishmael Villa-Lobos, an officer of Capital 4.

7. "3Com" refers to Plaintiff 3Com Corporation and its representatives and attorneys.

8.  "Power of $Zero program" refers to the program of that name as administered by Capital 4 and/or 3Com.

9.  References to the singular include the plural and vice versa, references to the past tense include the present tense and vice versa, disjunctive terms or phrases should be read to include the conjunctive and vice versa, references to "each" or "any" shall include "all" and vice versa, and the word "including" should be construed without limitation, so as not to exclude any document within the scope of or responsive to these requests.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

Produce all documents, including drafts, concerning the Power of $Zero program, including but not limited to:

(a) customer agreements;
(b) customer lists;
(c) correspondence to and/or from customers;
(d) marketing materials;
(e) business plans;
(f) financial data and/or documents;
(g) internal notes, e-mails, correspondence and/or memoranda;
(h) agreements with 3Com and related documents;
(i) agreements with service providers and related documents; and
(j) agreements with Value Added Resellers and related documents.

**REQUEST NO. 2:**

Produce all documents, including drafts, concerning and/or referencing 3Com, including but not limited to:

(a) customer agreements;
(b) correspondence to and/or from Capital 4 customers;
(c) marketing materials;
(d) business plans;
(e) financial data and/or documents;
(f) internal notes, e-mails, correspondence and/or memoranda;
(g) agreements with 3Com; and
(h) all financial data, documents, e-mails and/or correspondence transmitted to 3Com in connection with the negotiation of any agreement between Capital 4 and 3Com.

REQUEST NO. 3:

Produce all documents, including drafts, bearing 3Com's name and/or logo, including but not limited to:

(a) customer agreements;
(b) correspondence to and/or from Capital 4 customers;
(c) marketing materials;
(d) business plans;
(e) financial data and/or documents;
(f) internal notes, e-mails, correspondence and/or memoranda;
(g) agreements with 3Com; and
(h) all financial data, documents, e-mails and/or correspondence transmitted to 3Com in connection with the negotiation of any agreement between Capital 4 and 3Com.

REQUEST NO. 4:

Produce all documents, including drafts, concerning F. Davis Dawson, including but not limited to:

(a) employment agreements;
(b) correspondence to and/or from Dawson;
(c) financial data and/or documents;
(d) internal notes, e-mails, correspondence and/or memoranda; and
(e) agreements with Dawson.

REQUEST NO. 5:

Produce all documents, including drafts, concerning Ishmael Villa-Lobos, including but not limited to:

(a) employment agreements;
(b) correspondence to and/or from Villa-Lobos;
(c) financial data and/or documents;
(d) internal notes, e-mails, correspondence and/or memoranda; and
(e) agreements with Villa-Lobos.

REQUEST NO. 6:

Produce all documents, including drafts, evidencing the conveyance of any consideration to you by Capital 4, Dawson and/or Villa-Lobos, including but not limited to:

(a) cancelled checks;
(b) your bank statements;
(c) Capital 4's bank statements;
(d) Dawson's bank statements; and

BOST1\510776.1

(e)   Villa-Lobos' bank statements.

## REQUEST NO. 7

Produce all documents, including drafts, concerning the following Power of $Zero customers, including but not limited to, customer agreements, notes, correspondence and e-mail:

(a)   Arkay Packaging Corporation;
(b)   Individual Assurance Co., d/b/a Life, Health & Accident;
(c)   Words Mail Service of Texas;
(d)   USA Brokerage, Inc.;
(e)   Lord of the Streets Episcopal Church;
(f)   Tara Energy;
(g)   West Georgia Family Medicine
(h)   Lake Windcrest Golf
(i)   Absolute Best home Health;
(j)   Southern Patio;
(k)   Greater Birmingham Association of Builders;
(l)   Hawkeye Insurance;
(m)   Drake Interiors; and
(n)   KCOH Radio CP4INF0123.

BOST1\510776.1