8. "Power of $Zero program" refers to the program of that name as administered by Capital 4 and/or 3Com.

9. References to the singular include the plural and vice versa, references to the past tense include the present tense and vice versa, disjunctive terms or phrases should be read to include the conjunctive and vice versa, references to "each" or "any" shall include "all" and vice versa, and the word "including" should be construed without limitation, so as not to exclude any document within the scope of or responsive to these requests.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

Produce all documents, including drafts, concerning the Power of $Zero program, including but not limited to:

(a) customer agreements;
(b) customer lists;
(c) correspondence to and/or from customers;
(d) marketing materials;
(e) business plans;
(f) financial data and/or documents;
(g) internal notes, e-mails, correspondence and/or memoranda;
(h) agreements with 3Com and related documents;
(i) agreements with service providers and related documents; and
(j) agreements with Value Added Resellers and related documents.

**REQUEST NO. 2:**

Produce all documents, including drafts, concerning and/or referencing 3Com, including but not limited to:

(a) customer agreements;
(b) correspondence to and/or from Capital 4 customers;
(c) marketing materials;
(d) business plans;
(e) financial data and/or documents;
(f) internal notes, e-mails, correspondence and/or memoranda;
(g) agreements with 3Com; and
(h) all financial data, documents, e-mails and/or correspondence transmitted to 3Com in connection with the negotiation of any agreement between Capital 4 and 3Com.

BOST1\511606.1

**REQUEST NO. 3:**

Produce all documents, including drafts, bearing 3Com's name and/or logo, including but not limited to:

    (a)    customer agreements;
    (b)    correspondence to and/or from Capital 4 customers;
    (c)    marketing materials;
    (d)    business plans;
    (e)    financial data and/or documents;
    (f)    internal notes, e-mails, correspondence and/or memoranda;
    (g)    agreements with 3Com; and
    (h)    all financial data, documents, e-mails and/or correspondence transmitted to 3Com in connection with the negotiation of any agreement between Capital 4 and 3Com.

**REQUEST NO. 4:**

Produce all documents, including drafts, concerning F. Davis Dawson, including but not limited to:

    (a)    employment agreements;
    (b)    correspondence to and/or from Dawson;
    (c)    financial data and/or documents;
    (d)    internal notes, e-mails, correspondence and/or memoranda; and
    (e)    agreements with Dawson.

**REQUEST NO. 5:**

Produce all documents, including drafts, concerning Ishmael Villa-Lobos, including but not limited to:

    (a)    employment agreements;
    (b)    correspondence to and/or from Villa-Lobos;
    (c)    financial data and/or documents;
    (d)    internal notes, e-mails, correspondence and/or memoranda; and
    (e)    agreements with Villa-Lobos.

**REQUEST NO. 6:**

Produce all documents, including drafts, evidencing the conveyance of any consideration to you by Capital 4, Dawson and/or Villa-Lobos, including but not limited to:

    (a)    cancelled checks;
    (b)    your bank statements;
    (c)    Capital 4's bank statements;
    (d)    Dawson's bank statements; and

 (e) Villa-Lobos' bank statements.

## REQUEST NO. 7

Produce all documents, including drafts, concerning the following Power of $Zero customers, including but not limited to, customer agreements, notes, correspondence and e-mail:

 (a) Arkay Packaging Corporation;
 (b) Individual Assurance Co., d/b/a Life, Health & Accident;
 (c) Words Mail Service of Texas;
 (d) USA Brokerage, Inc.;
 (e) Lord of the Streets Episcopal Church;
 (f) Tara Energy;
 (g) West Georgia Family Medicine
 (h) Lake Windcrest Golf
 (i) Absolute Best Home Health;
 (j) Southern Patio;
 (k) Greater Birmingham Association of Builders;
 (l) Hawkeye Insurance;
 (m) Drake Interiors; and
 (n) KCOH Radio CP4INF0123.

## REQUEST NO. 8:

Produce all invoices and time records, including drafts, for services provided in connection with any client's relationship with 3Com.

BOST1\511606.1

## SCHEDULE A

### Definitions

As used herein, the words and phrases set out below shall have the following meanings:

1. "Documents" encompasses all items that are within the scope of Rules 34 and 26 of the Federal Rules of Civil Procedure, and shall therefore include, without limitation, any writing, drawing, graph, chart, photograph, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained. In addition, the term "document" as used herein shall include correspondence, memoranda, notes, computer printouts, computer disks, or any other manner of memorializing or storing data or information, and any other tangible object or objects otherwise responsive to a specific request.

2. "Concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

3. "You," or "Your," refers to The Hughes Law Firm, P.C., and its representatives and attorneys.

4. "Capital 4" refers to Capital 4, Inc.

5. "Dawson" refers to Defendant F. Davis Dawson, an officer of Capital 4.

6. "Villa-Lobos" refers to Defendant Ishmael Villa-Lobos, an officer of Capital 4.

7. "3Com" refers to Plaintiff 3Com Corporation and its representatives and attorneys.

8. "Power of $Zero program" refers to the program of that name as administered by Capital 4 and/or 3Com.

9.  References to the singular include the plural and vice versa, references to the past tense include the present tense and vice versa, disjunctive terms or phrases should be read to include the conjunctive and vice versa, references to "each" or "any" shall include "all" and vice versa, and the word "including" should be construed without limitation, so as not to exclude any document within the scope of or responsive to these requests.

*Topics of Examination*

The deponent(s) designated to testify pursuant to Fed. R. Civ. P. 30(b)(6) should be the person(s) most knowledgeable concerning the following topics:

1. Capital 4's agreements with 3Com related to the Power of $Zero program, including but not limited to:
   (a) the Strategic Alliance Agreement executed in January of 2005;
   (b) the Rules of Engagement executed in March of 2005;
   (c) the License Agreement executed in November of 2006;
   (d) the Operations Agreement executed in November of 2006;
   (e) the First Contract Addendum executed in April of 2007;
   (f) Amendment No. 1 to First Addendum executed in April of 2007; and
   (g) the First Contract Amendment executed in August of 2007.

2. The negotiation of Capital 4's agreements with 3Com, including but not limited to:
   (a) the Strategic Alliance Agreement executed in January of 2005;
   (b) the Rules of Engagement executed in March of 2005;
   (c) the License Agreement executed in November of 2006;
   (d) the Operations Agreement executed in November of 2006;
   (e) the First Contract Addendum executed in April of 2007;
   (f) Amendment No. 1 to First Addendum executed in April of 2007; and
   (g) the First Contract Amendment executed in August of 2007.

3. Any due diligence conducted in connection with Capital 4's relationship with 3Com.

4. Any negotiations between Capital 4 and providers of telecommunications services in connection with the Power of $Zero program.

5. Any negotiations between Capital 4 and financial institutions in connection with the Power of $Zero program.

6. Any communications with financial institutions in connection with the Power of $Zero program, including but not limited to September 18, 2007 correspondence from The Hughes Law Firm to De Lage Landen Financial Services.

7. Any communications with actual and/or potential customers in connection with Power of $Zero program, including but not limited to:

    (a) September 24, 2007 correspondence from Capital 4 to Power of $Zero customers; and
    (b) September 25, 2007 correspondence from Capital 4 to Power of $Zero customers.

8. Any communications with VARs in connection with the Power of $Zero program, including but not limited to September 18, 2007 correspondence from The Hughes Law Firm to all 3Com VARs.

9. Any communications with 3Com in connection with the Power of $Zero program, including but not limited to:

    (a) March 14, 2007 correspondence from The Hughes Law Firm to 3Com;
    (b) September 18, 2007 correspondence from The Hughes Law Firm to 3Com; and
    (c) September 24, 2007 correspondence from The Hughes Law Firm to 3Com.

10. The administration of the Power of $Zero program, including but not limited to Capital 4's provision of "back office services" in connection with the program.

11. Capital 4's use of 3Com's name and logos.

12. Any negotiation, communication and agreement(s) with the following entities:

    (a) Arkay Packaging Corporation;
    (b) Individual Assurance Co., d/b/a Life, Health & Accident;
    (c) Words Mail Service of Texas;
    (d) USA Brokerage, Inc.;
    (e) Lord of the Streets Episcopal Church;
    (f) Tara Energy;
    (g) West Georgia Family Medicine
    (h) Lake Windcrest Golf
    (i) Absolute Best Home Health;
    (j) Southern Patio;
    (k) Greater Birmingham Association of Builders;
    (l) Hawkeye Insurance;
    (m) Drake Interiors; and
    (n) KCOH Radio CP4INF0123.

13. Capital 4's failure to meet its business obligations in connection with the Power of $Zero program, and Capital 4's related communications with 3Com, customers and VARs.

14. Power of $Zero customers with actual or potential claims against 3Com.

15. F. Davis Dawson's employment history and relationship with Capital 4, Capital 4's employees and Capital 4's other principals.

16. Ishmael Villa-Lobos' employment history and relationship with Capital 4, Capital 4's employees and Capital 4's other principals.

BOST1\511642.1