# EXHIBIT -B-



DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
www.dlapiper.com

Daniel E. Rosenfeld
daniel.rosenfeld@dlapiper.com
T  617.406.6078
F  617.406.6178

April 23, 2008
VIA E-MAIL TO VAYS.T@WSSLLP.COM

Thomas Vays, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006

Re:   3Com Corporation v. Capital 4, Inc., et al.
      No. 1:07-cv-8707-JSR-JDF (S.D.N.Y.)

Dear Tom:

This correspondence concerns Capital 4, Inc.'s and its principals' (collectively, "Capital 4") waiver of the attorney-client privilege in connection with the Power of $Zero program. As explained in greater detail below, Capital 4 has not only waived the attorney-client privilege associated with the Power of $Zero program, but some of the conduct giving rise to its waiver is independently inconsistent with the terms and spirit of the Stipulated Preliminary Injunction ("Injunction") entered in the context of the above-referenced action (the "New York Action"). Accordingly, I enclose a draft Amended Stipulated Preliminary Injunction which addresses the issues presented by Capital 4's conduct and request that Capital 4 promptly confer with us concerning this proposal.

As you know, 3Com Corporation ("3Com") initiated the New York Action against Capital 4 seeking relief for, among other things, Capital 4's breach of its agreements with 3Com occasioned by Capital 4's failure to provide public access services to Power of $Zero customers.[1] See, e.g., ¶¶100-101, 110-111. Simon Hughes, Capital 4's former counsel, including at the time the New York Action was initiated, served as an agent of Capital 4 and its principals with regard to their consent to the entry of a Temporary Restraining Order and Preliminary Injunction in the New York Action. In addition, Hughes represented to both 3Com and to the Court (Judge J. Rakoff) that he represented Capital 4 and had substantial working knowledge of 3Com's business with Capital 4. Prior to the initiation of the New York Action, as part of Hughes' representation of Capital 4, Hughes negotiated Capital 4's agreements with 3Com, and negotiated with 3Com and various other parties on behalf of Capital 4 when Capital 4 failed to meet its financial and business obligations in 2007. As a result of Hughes' representation of Capital 4 and work surrounding the Power of $Zero program, Hughes undoubtedly possesses both what would typically be considered Capital 4's privileged and non-privileged confidential information directly related to the New York Action and 3Com's claims against Capital 4 as well as substantial information that would not constitute privileged or even confidential information.

---

[1] Capital 4's failures to provide public access services to Power of $Zero customers appear to constitute breaches of Capital 4's agreements with the Power of $Zero customers whose services were interrupted.



Thomas Vays, Esq.
April 23, 2008
Page Two

In February, Hughes transmitted three demand letters ("Demands") to 3Com on behalf of three of the former Power of $Zero customers, asserting on behalf of two of them that: "...3Com[ ] deci[ded] to cease providing telecom and data services (as required by the 3Com POZ Agreement)..." See, e.g., February 12 letter from S. Hughes to D. Whitehouse on behalf of The Bank & Trust Company, a copy of which is enclosed. Such a statement is demonstrably false. Capital 4, not 3Com, was responsible for providing Power of $Zero customers with telecommunications services pursuant to the terms of the Power of $Zero customer agreements and pursuant to the terms of Capital 4's agreements with 3Com. Accordingly, 3Com was not "required" to provide telecommunications services to Power of $Zero customers, and 3Com did not, and could not have "deci[ded]" to cease providing such telecommunications services. As part of 3Com's response to the Demands, I indicated to Hughes that his representation of Power of $Zero customers was inappropriate, and Hughes withdrew from the representations in an apparent response to my correspondence.

More recently, we learned that on March 10, 2008, Hughes filed an Original Petition, and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction ("Original Petition") against 3Com in Harris County District Court in Texas ("Texas Action")[2] on behalf of eleven (11) plaintiffs,[3] each of whom is a Power of $Zero customer and has brought claims against 3Com seeking damages allegedly associated with the interruption of their telecommunications services. See, e.g., Original Petition, ¶¶ 4.3-4.10. The allegations set forth in the Original Petition purport to describe in significant detail the negotiations and communications which took place between Capital 4 and 3Com concerning the Power of $Zero program. See, e.g., Original Petition ¶¶ 4.17, 4.20-4.26, 4.30. Notably, footnote 1 in the Original Petition asserts that

> Between 2004 and 2007, Plaintiff's counsel, Simon Hughes, represented Capital 4 in various matters. Capital 4 ceased doing business in the fall of 2007. At that time, Hughes terminated his representation of Capital 4, and, with each Court's approval, withdrew from each case in which he had represented Capital 4. While not a conflict, the existence of this prior representation has been fully-disclosed to all Plaintiffs. Similarly, Capital 4 is fully aware of, and does not object to Hughes' representation of Plaintiffs in this litigation against 3Com and other parties.

Original Petition, n.1 (emphasis supplied).

Given the nature of the claims pending in the New York Action and in the Texas Action, it is clear that to the extent that the plaintiffs in the Texas Action recover damages from 3Com in connection with the

---

[2] The Texas Action is styled Texas Network of Youth Services v. 3Com Corp., No. 2008-14915 (11th Judicial District Court, Harris County).
[3] The plaintiffs in the Texas Action include the three Power of $Zero customers on behalf of whom Hughes transmitted the Demands to 3Com.



Thomas Vays, Esq.
April 23, 2008
Page Three

interruption of their telecommunications services, 3Com previously stated a claim against Capital 4 for precisely those damages. Accordingly, the Texas Action is directly adverse to Capital 4 within the meaning of Texas Rules of Professional Conduct 1.06 and 1.09 because the Texas Action is likely to implicate Capital 4's confidences held by Hughes and further is likely to bring to light information that will inure to Capital 4's detriment. See generally Nat'l Med. Enter., Inc. v. Godbey, 924 S.W.2d 123 (Tex. 1996).

Capital 4 could have moved to disqualify Hughes from representing the plaintiffs in the Texas Action. Id. Capital 4 chose not to do so; instead, Capital 4 did the opposite: while "fully aware of ... Hughes' representation of Plaintiffs" in the Texas Action, and therefore "fully aware" that Hughes would be ethically obligated to his new clients to prove that they were damaged by Capital 4's failure to furnish telecommunications services in connection with the Power of $Zero program, Capital 4 apparently gave its informed consent to Hughes to proceed with that representation and to file the Original Petition, which is riddled with what was formerly Capital 4's confidential and privileged information. Capital 4's consent to Hughes' representation of the plaintiffs in the Texas Action and to the consequent use of Capital 4's confidential and privileged information constitutes a voluntary waiver of Capital 4's attorney-client privilege, and Hughes' withdrawal does nothing to remedy such a waiver.[4]

Capital 4's conduct, and Hughes' conduct, amounts to a violation of the Injunction. The Injunction currently enjoins Capital 4, "including its principals, officers, directors, employees, agents, servants, successors and assigns" from, among other things, "making defamatory statements concerning 3Com." There can be little doubt that Hughes was an "agent" of Capital 4 at the time that the Injunction issued and that Hughes was therefore bound by it at the time the Injunction issued. Hughes' statements in the Demands that 3Com bore contractual obligations that it did not and that 3Com "decid[ed]" to ignore obligations are untrue and have required 3Com to incur expense in responding to the Demands.

Capital 4's participation (by its consent) in Mr. Hughes' scheme to initiate meritless claims against 3Com in connection with the Power of $Zero program, particularly where the Injunction was intended to, and does, enjoin Capital 4 from making defamatory statements concerning 3Com violates the terms and intent of the Injunction.

In light of all of the foregoing, we think it is necessary to resolve the issue of Capital 4's waiver of the attorney-client privilege in advance of significant deposition discovery. Accordingly, please let us know

---

[4] We were recently informed that Ronald P. Gossett, Esq. of Gossett & Gossett in Hollywood, Florida now represents Hughes, The Hughes Law Firm, P.C., the plaintiffs in the Texas Action, and other parties likely to bring claims against 3Com in connection with the interruption of the telecommunications services they purchased via the Power of $Zero program. Gossett's representation of this collection of clients is inappropriate for reasons not dissimilar to those which ultimately prevented Hughes from representing the plaintiffs in the Texas Action.



Thomas Vays, Esq.
April 23, 2008
Page Four

Capital 4's position with respect to the issues raised in this letter and let us know a convenient time to confer with respect to any outstanding issues raised herein.

Very truly yours,

Daniel E. Rosenfeld

cc:   Eileen E. Pott, Esq.
Enclosures

BOST1\518313.1