UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
3COM CORPORATION,                           :
                                            :
            Plaintiff,                      :    Index No. 07 Civ. 8707 (JSR)(JDF)
                                            :
    -against-                               :    **DECLARATION OF F. DAVIS**
                                            :    **DAWSON**
CAPITAL 4, INC., et. al.,                   :
                                            :
            Defendants.                     :
------------------------------------------------------------- x

      F. DAVIS DAWSON, being of full age, hereby affirms, under penalty of perjury, the truth of the following:

      1.    I am the President of Capital 4, Inc. ("Capital 4"). I submit this Declaration in opposition to the motion filed by 3Com Corporation ("3Com") seeking a finding that Capital 4 is in contempt of the Stipulated Preliminary Injunction and for a determination that Capital 4 has waived the attorney-client privilege.

      2.    Between 2004 and 2007, Simon Hughes, Esq. ("Hughes") acted as legal counsel for Capital 4 on various legal matters, including but not limited to, matters relating to the Power of the $Zero program and Capital 4's relationship with 3Com.

      3.    During this time period, representatives of Capital 4 and Hughes exchanged countless confidential communications for the purpose of facilitating the rendering of legal advice by Hughes. Capital 4 has not disclosed those communications to third-parties, and has never granted Hughes permission to disclose any confidential communications.

      4.    Hughes ceased rendering legal advice to Capital 4 in December 2007, and withdrew as counsel of record in the various lawsuits in which he had appeared as counsel for Capital 4. Hughes has not acted as counsel for Capital 4 in any capacity since December 21, 2007.

5. In or about the middle of February 2008, Hughes informed me that he was considering representing Power of $Zero customers in connection with claims against 3Com and possibly other parties for losses incurred by the customers as a result of the collapse of the Power of $Zero program. At that time, Hughes informed me that he did not believe such representation would be adverse to Capital 4 because the plaintiffs did not intend to assert any claims against Capital 4. Hughes did not seek the consent of Capital 4 to his representation of Power of $Zero customers, he merely asked me whether Capital 4 would be willing to cooperate in his efforts. At no point in time did Hughes advise me that he intended to disclose any privileged or confidential communications he had with Capital 4.

6. I informed Hughes that I would need to confer with Capital 4's New York counsel to obtain guidance on whether Capital 4 should cooperate with Huhges.

7. On March 7, 2008, 3Com's counsel forwarded to Capital 4's New York counsel copies of demand letters that Hughes sent to 3Com on behalf of The Bank & Trust Company, Evans, Ewan & Brady Insurance Agency, Inc., and Litchfield Family Practice Center. Capital 4 had no knowledge of the demand letters until it received the copies from 3Com's counsel.

8. On March 10, 2008, I called Hughes and informed him that Capital 4 did not consent to his representation of Power of $Zero customers. The telephone conversation was followed by an email to Hughes attaching a March 10, 2008 letter reiterating that Capital 4 did not consent to his representation of Power of $Zero customers. A true and correct copy of the email and the March 10, 2008 letter are attached as Exhibit A.

9. On March 11, 2008, I received a letter from Hughes stating that he would withdraw from representing Power of $Zero customers. Although Hughes stated in his letter that Capital 4 withdrew its consent to his representation of Power of $Zero customers on March 10, 2008, in fact

Capital 4 never consented to Hughes' representation of Power of $Zero customers. A true and correct copy of the March 11, 2008 letter is attached as Exhibit B.

10. On March 14, 2008, I discovered, through an email communication from 3Com's counsel to Capital 4's New York counsel, that on March 10, 2008, Hughes filed a Petition in a Texas court on behalf of Power of $Zero Customers (the "Texas Petition"). Hughes did not provide Capital 4 with a draft of the Texas Petition before, or after, it was filed.

11. Capital 4 did not take any further action with respect to Hughes at that time because Hughes had already represented to Capital 4 on March 11, 2008 that he would withdraw from his representation of any and all Power of $Zero customers.

12. Capital 4 did not participate or cooperate with Hughes in the actions he took in connection with the demand letters, the Texas Petition, or any other matter relating to any claims by Power of $Zero customers against 3Com.

13. In regard to 3Com's contention that the demand letters and the Texas Petition are defamatory, Capital 4 has alleged in this proceeding that, among other things, 3Com breached its obligations under Section 4.3 of the November 10, 2006 Operations Agreement, which is known as the "Go Dark" Solution, by refusing to take assignment of all Power of $Zero customer agreements and by abandoning the Power of $Zero Program. A true and correct copy of the Operations Agreement is attached as Exhibit C.

14. The "Go Dark" Solution was incorporated into the Operations Agreement for the specific purpose of ensuring that Power of $Zero customers would be protected in the event Capital 4 became insolvent. 3Com agreed to this provision as part of its licensing and acquisition of the Power of $Zero program in November 2006. Although Capital 4 continued to have certain obligations in regard to providing Public Access Services to customers following the acquisition of

control, it was anticipated that Capital 4's role would be temporary and that 3Com would shortly take control of all aspects of the Power of $Zero program.

15. In the summer of 2007, due to various continued operational problems relating to the Power of $Zero program and 3Com's breaches of the Operations Agreement and License Agreement, Capital 4 began to experience financial pressure and projected severe financial distress if 3Com's performance did not improve. As a result, Capital 4 requested that 3Com provide it with funds in the form of advances on future license fees. In response, 3Com demanded that, as a condition to an advance on future license fees, Capital 4 would have to consent to an amendment of the "Go Dark" Solution, such that 3Com would no longer be required to assume Capital 4's obligations to all Power of $Zero customers.

16. Capital 4, which did not have any reasonable alternatives, capitulated to 3Com's demand because it was led to believe that 3Com remained committed to the Power of $Zero program, would work in good faith with Capital 4 to achieve a long-term solution to both stabilizing and scaling the Power of $Zero program, and would not allow Power of $Zero customers to lose their Public Access Services.

17. It is Capital 4's contention that 3Com wrongfully abandoned the Power of $Zero program and the protective provisions that were constructed for precisely the scenario that materialized.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 16, 2008

_____
F. Davis Dawson

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2008, a true and correct copy of the foregoing document was served using the Southern District of New York's Case Management Electronic Filing System, with electronic notification of such filing to all counsel of record.

I also certify that on this date the foregoing was served, via electronic mail and/or regular mail on the following:


Daniel Rosenfeld
DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, MA  02110
daniel.rosenfeld@dlapiper.com

Simon H. Hughes, Esq.
The Hughes Law Firm, P.C.
13280 Northwest Freeway, No. F-400
Houston, Texas  77040
Simon@hugheslegal.com

Ronald P. Gossett, Esq.
Gossett & Gossett, P.A.
4700 Sheridan Street, Building I
Hollywood, Florida  33021
RonGossett@gossettlaw.com

/s/ Thomas Vays
Thomas Vays (TV 2112)