**United States District Court**
**Southern District of New York**

Case Number 07-CIV-8707 (JSR) (JDF)

3Com Corporation,

                               Plaintiff,

vs.

Capital 4, Inc., *et al.*

                               Defendants.
_____/

## Witnesses' Notice of Supplemental Authority

Deposition witnesses, Comport Network Services and Solutions, LLC, Evans, Ewan & Brady Ins. Agency, Inc., Grace Products Corp., North Central Communications, Inc., Temsco, Inc., Texas Network of Youth Services, Inc., and Zepplin, Inc., all entities organized and existing under the laws of the State of Texas, by and through their undersigned attorneys, file their notice of the supplemental authority attached hereto, decided May 23, 2008, by a state appellate court in Florida, on the issue of disqualification of counsel.

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically and is available for viewing and downloading from the ECF system, this 22nd day of May, 2008, and a copy was served on Simon H. Hughes, Esq., of The Hughes Law Firm, PARK CITY, 13280 Northwest Freeway, No. F-400, Houston, TX 77040, and served the same

by attachment to email before 5:00 p.m., the same date.

                                    **Gossett & Gossett, P.A.**
Attorneys for Deposition Witnesses
4700 Sheridan St., Building I
Hollywood, FL  33021
(954) 983-2828 • (954) 212-0439 Fax
rongossett@gossettlaw.com
Fla. Bar No. 210811


By:  /s/ *Ronald P. Gossett*
                Ronald P. Gossett (RG6930)
                    For the Firm

RPG/ms

D:\Clients\3Com\New York\Witnesses' Notice of Supplemental Authority.wpd

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2008*

**SYLVIA MANNING,**
Petitioner,

v.

**SABRINA B. COOPER,**
Respondent.

No. 4D08-236

[ May 21, 2008 ]

PER CURIAM.

Petitioner Sylvia Manning ("Manning") seeks certiorari review of the trial court order granting respondent Sabrina B. Cooper's ("Cooper") motion to disqualify Manning's counsel in a pending lawsuit against Cooper arising from an automobile accident in 2002. We grant the petition and quash the order for reasons outlined below.

Cooper was driving a vehicle which collided with a semi-trailer Mack truck carrying roof trusses. Manning was a passenger in the vehicle, as was non-party Falicia Woods ("Woods"). All three occupants of the Cooper vehicle made claims against the truck company and were originally represented by Loren Gold ("Gold"). Gold made claims against the truck driver and PIP claims against Cooper's insurer, State Farm Automobile Insurance Company. State Farm conducted a fraud investigation of claims against it made by Cooper, Manning, and Woods, through its Special Investigations Unit (SIU). Gold received copies of those SIU statements.

Cooper and Woods settled their claims against the truck company, leaving Manning's claim unresolved. Gold referred Manning to Lawrence Bohannon ("Bohannon"), an attorney in a separate law firm who apparently acted as co-counsel in other cases. Bohannon now represents Manning in the pending lawsuit against Cooper.

Cooper filed a motion to disqualify Bohannon, alleging that he had been provided a copy of Cooper's SIU statement, and had produced a copy of it at arbitration in July 2007. Cooper alleged that it was

discovered during the deposition of Gold that the SIU statements of all three occupants of the vehicle at the time of the accident were contained in Cooper's file, which Gold had brought to his deposition. Gold testified that it was possible that the Manning file contained the SIU statements of not only Manning but also of Cooper. Gold sent Manning's file to Bohannon for him to handle from then on, and he said he did not review it prior to sending it.

Cooper argued in her motion to disqualify that Bohannon was precluded from representing Manning because of Gold's alleged conflict of interest under Florida Rules of Professional Conduct 4-1.9(a) and (b), because of an alleged agency relationship between Gold and Bohannon, and based upon Bohannon's possession of her SIU statement. The trial court granted the motion to disqualify, leading to this certiorari challenge by Manning.

Certiorari lies to review orders on motions to disqualify counsel. *Frank, Weinberg & Black, P. A. v. Effman*, 916 So. 2d 971 (Fla. 4th DCA 2005); *Whitener v. First Union Nat'l Bank of Fla.*, 901 So. 2d 366 (Fla. 5th DCA 2005). The petitioner has the burden to demonstrate that the trial court order constituted a departure from the essential requirements of law resulting in material harm of an irreparable nature. *See generally Bared & Co. v. McGuire*, 670 So. 2d 153 (Fla. 4th DCA 1996).

As we said in *Alexander v. Tandem Staffing Solutions, Inc.*, 881 So. 2d 607, 608-09 (Fla. 4th DCA 2004):

> "Disqualification of a party's chosen counsel is an extraordinary remedy and should only be resorted to sparingly." *Singer Island, Ltd. v. Budget Constr. Co.*, 714 So. 2d 651, 652 (Fla. 4th DCA 1998); *Vick v. Bailey*, 777 So. 2d 1005, 1007 (Fla. 2d DCA 2000). Motions for disqualification are generally viewed with skepticism because disqualification of counsel impinges on a party's right to employ a lawyer of choice, and such motions are often interposed for tactical purposes. *See Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir.1983); *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir.1988) (observing that "the ability to deny one's opponent the services of capable counsel, is a potent weapon"). Confronted with a motion to disqualify, a court must be sensitive to the competing interests of requiring an attorney's professional conduct and preserving client confidences and, on the other hand, permitting a party to hire the counsel of choice.

Orders on motions to disqualify are reviewed under a standard of abuse of discretion.  *See Applied Digital Solutions, Inc. v. Vasa*, 941 So. 2d 404 (Fla. 4th DCA 2006); *Stewart v. Bee-Dee Neon & Signs, Inc.*, 751 So. 2d 196, 205 (Fla. 1st DCA 2000).  The trial court's discretion is governed by the controlling legal principles, but the appellate court will not substitute its judgment for the trial court's express or implied findings of fact which are supported by competent substantial evidence.  *Id.*

We agree with Manning that disqualification is not required under rule 4-1.9(a), (b), or any other rule of professional conduct.  Rule 4-1.9 provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; or
>
> (b) use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.

This rule does not apply to Bohannon because he never represented Cooper.  We find no legal or factual support for Cooper's theory of an agency relationship under which Cooper tried to extend the rule to him.

We also reject Cooper's argument that rule 4-1.10 imputes a conflict of interest to Bohannon, as urged by Cooper in her response to the petition for writ of certiorari, but not argued in the motion to disqualify.  Further, we reject Cooper's claim that Bohannon was precluded from representing Manning because he was partners with Robert C. Rogers, who was listed as "of counsel" to Gold.  This was not argued in the motion to disqualify either, and we find it lacking in evidentiary and legal support as grounds for disqualification of Bohannon.

As for Cooper's claim that if Bohannon possessed Cooper's SIU statement, it precluded his representation of Manning, we look to *Applied Digital Solutions*, in which this court held that there was no rule of automatic disqualification any time an attorney inadvertently obtained

documents, even if privileged. 941 So. 2d at 408. Instead, the court is to exercise its sound judgment. *Id.*

Further, the trial court can take into account whether the party obtaining the privileged material actually obtained an unfair advantage. *Id.* at 409 (citing *5500 N. Corp. v. Willis*, 729 So. 2d 508 (Fla. 5th DCA 1999)) (quashing a trial court order disqualifying counsel where defense counsel did not obtain an unfair advantage as the information counsel learned from a plaintiff's investigator revealed nothing inconsistent with the plaintiff's complaint). Here, the record did not show an unfair advantage to Manning. Moreover, as Manning has argued, any possibility of such an advantage could be resolved by Cooper seeking to preclude the use of the SIU statement at trial. *See Allstate Ins. Co. v. Bowne*, 817 So. 2d 994 (Fla. 4th DCA 2002).

We reject without further discussion Cooper's other arguments.

*Petition Granted. Order of Disqualification Quashed.*

FARMER, TAYLOR and HAZOURI, JJ., concur.

       \*   \*   \*

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Robert A. Rosenberg, Judge; L.T. Case No. 06-14399 02.

Diane H. Tutt of Diane H. Tutt, P.A., Davie, for petitioner.

Douglas H. Stein of Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein, Miami, for respondent.

***Not final until disposition of timely filed motion for rehearing***