**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

3COM CORPORATION,

     Plaintiff,

v.

CAPITAL 4, INC., et al.,

     Defendants.

Civ. No. 07-Civ.-8707(JSR) (JDF)

# REPLY IN SUPPORT OF PLAINTIFF'S
## MOTION TO DISQUALIFY SIMON H. HUGHES AND RONALD P. GOSSETT

Daniel E. Rosenfeld (DR 4624)
Eileen E. Pott (admitted *pro hac vice*)
DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6100
*Counsel for Plaintiff 3Com Corporation*

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   GOSSETT'S EFFORT TO BOLSTER HIS CLIENTS' CLAIMS IS
IRRELEVANT .................................................................................................... 2

III.  THE AUTHORITY GOSSETT CITES SUPPORTS DISQUALIFICATION ................. 3

IV.  GOSSETT AND HUGHES IGNORE FACTS REQUIRING
DISQUALIFICATION .......................................................................................... 3

    A.    3Com Has Standing to Seek Gossett's Disqualification ........................................ 3

        1.    Disqualification is an Appropriate Remedy for the Harm Caused
by Hughes' and Capital 4's Contempt of the Stipulated Injunction .......... 3

        2.    Capital 4's Failure and Refusal to Seek Hughes'
and Gossett's Disqualification Have Resulted in Injury
to 3Com that Supports its Standing to Seek Disqualification .................... 4

    B.    Hughes and Gossett Should Be Disqualified ......................................................... 5

        1.    Hughes and Gossett Appear to Continue Working in Cooperation
in Connection with Matters Relating to the Power of $Zero
Program .................................................................................................. 5

        2.    Gossett's and Hughes' Co-Counsel Arrangement Requires Their
Disqualification, Particularly where Gossett Also Represents
Hughes .................................................................................................... 5

        3.    Gossett's Memo Does not Establish that the
Thumb Drive Does Not Contain Hughes' Work Product ......................... 6

V.    NOTHING SUGGESTS THAT ANY DOCUMENTS
WERE INADVERTENTLY PRODUCED TO 3COM .................................................. 7

VI.  CONCLUSION .................................................................................................... 8

i

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

<u>Occidental Hotels Mgmt., B.V. v. Westbrook Allegro Hotel Playacar, S.A.</u>, 440 F.Supp. 2d 303, 308-309 ....................................................................................................................3

<u>Equal Employment Opportunity Commission v. Local 40, International Association of Bridge, Structural and Ornamental Iron Workers</u>, 885 F.Supp. 488 (S.D.N.Y. 1994)....................4

<u>Ross v. Bank of Am., N.A. (USA)</u>, No. 06-4755, 2008 U.S.App. LEXIS 8927 ............................4

### STATE CASES

<u>In re George</u>, 28 S.W.3d 511 (Tex. 2000) ....................................................................................4

Plaintiff, 3Com Corporation ("3Com") respectfully submits this Reply in Further Support of its Motion to Disqualify Simon H. Hughes and Ronald P. Gossett ("3Com's Motion to Disqualify") and the Affidavit of Counsel submitted therewith ("Counsel Aff.").[1]  More specifically, this Reply responds to Simon H. Hughes' and The Hughes Law Firm's (collectively, "Hughes") Memorandum in Support of Witness Hughes' Response to Plaintiff's Motion to Disqualify Simon H. Hughes and Ronald P. Gossett ("Hughes' Disqualification Memo") and to Ronald P. Gossett's and Gossett & Gossett P.A.'s (collectively, "Gossett") Memorandum of Law on behalf of Deposition Witnesses In Opposition to Plaintiff's Motion to Disqualify Their Counsel Ronald P. Gossett ("Gossett's Memo").[2]

## I.    <u>INTRODUCTION</u>

Gossett and Hughes should be disqualified.  Rather than demonstrating that 3Com's objection to their representation of the Texas Plaintiffs/ Customer Witnesses was unwarranted, Gossett's and Hughes' oppositions to 3Com's motions provide further support for their disqualification as counsel for parties in connection with the Power of $Zero program.  First, Gossett admits that he received information (on a USB drive) pertaining to his representation of the Texas Plaintiffs from Simon Hughes.  Gossett's effort to minimize the extent to which he is tainted by his association with Hughes is belied by the description of the materials he received from Hughes, which description tends to support 3Com's assertion that Hughes has disclosed privileged materials.  Gossett's claim that he does not know the contents of the materials

---

[1] Unless otherwise defined, the terms in initial caps shall have the meanings assigned to them in 3Com's Memorandum in Support of Plaintiff's Motion for Contempt and for a Determination that Capital 4 has Waived the Attorney-Client Privilege and in 3Com's Memorandum in Support of Plaintiff's Motion to Disqualify Simon H. Hughes and Ronald P. Gossett.

[2] This Reply refers to Capital 4's Memorandum of Law in Opposition to Plaintiff's Motion for a Finding of Contempt and a Determination that Capital 4 has Waived its Attorney-Client Privilege as "Capital 4's Memo" and refers to Hughes' Memorandum in Support of Witness Hughes' Response to Plaintiff's Motion for Contempt and Determination of Waiver of the Attorney-Client Privilege as "Hughes' Contempt Memo."

produced to him by Hughes because he has not yet opened or reviewed them does not constitute a factor mitigating the need for disqualification where he fails to explain a source for his purported factual recitation concerning the Power of $Zero program. This is especially the case where, as here, the descriptions of the files, i.e., "Notes," tends to suggest that privileged materials were disclosed. See Gossett Aff. at Figure 1.

Equally important, Gossett's and Hughes' oppositions, despite their efforts to split hairs about the representations each has undertaken, suggest that they are parties to a fee-splitting arrangement which requires that Hughes continue to perform services on behalf of the Texas Plaintiffs (even though Hughes has claimed, to Capital 4, to 3Com and to the Court, to have withdrawn from that representation). See Gossett's Memo at pp. 20-21. While Gossett attempts to rebut 3Com's arguments that he should be disqualified by pointing out that if Capital 4 waived the attorney-client privilege any such formerly privileged information in Gossett's possession would be discoverable, it is nevertheless clear that if Gossett and Hughes are party to such an agreement, that agreement would form an independent basis for their disqualification. Gossett's and Hughes' attempts to stave off disqualification by challenging 3Com's standing are likewise misplaced because 3Com is entitled to seek a remedy for the consequences of Hughes' and Capital 4's violations of the Stipulated Injunction.

## II.    **GOSSETT'S EFFORT TO BOLSTER HIS CLIENTS' CLAIMS IS IRRELEVANT**

Gossett's Memo devotes approximately ten (10) pages (half the length of the brief) to a discussion of Gossett's clients' claims arising from their participation in the Power of $Zero program, no part of which is either at issue in this action or relevant to 3Com's Disqualification Motion. Gossett's discussion in this regard is noteworthy only because of its inconsistency with Simon Hughes' purported conclusion, as counsel for the customers, that "Capital 4 was [not] a viable defendant" to the claims brought on behalf of former Power of $Zero customers. See

Memorandum in Support of Witness Hughes' Response to Plaintiff's Motion for Contempt and

Determination of Waiver of the Attorney-Client Privilege at p. 6 ("Hughes' Contempt Memo").

## III.    THE AUTHORITY GOSSETT CITES SUPPORTS DISQUALIFICATION

Gossett's heavy reliance on this Court's opinion in the Occidental Hotels Management

B.V. v. Westbrook Allegro, LLC case is misplaced.  440 F.Supp. 2d 303, 308-09 (S.D.N.Y.

2006).  The standard set forth in Occidental Hotels supports 3Com's requested relief.  In

pertinent part, the Occidental Hotels court observed:

- The Court's "authority to disqualify an attorney stems from the Court's inherent supervisory authority…."

- A "federal court's decision of whether to disqualify counsel 'must ultimately be guided by the goal of a trial process that lacks any hint of a taint.' "

- Disqualification is generally awarded where "the attorney is, at least potentially, in a position to use privileged information gained from the other side through prior representation…."

Occidental Hotels, 440 F.Supp. 2d at 308-309.  Here, the Court should exercise its inherent

supervisory authority to disqualify Hughes and Gossett because, as described in 3Com's moving

papers, their involvement brings much more than a "hint of a taint" to the trial process.

## IV.    GOSSETT AND HUGHES IGNORE FACTS REQUIRING DISQUALIFICATION

### A.    3Com Has Standing to Seek Gossett's Disqualification

#### 1.    Disqualification is an Appropriate Remedy for the Harm Caused by Hughes' and Capital 4's Contempt of the Stipulated Injunction

Gossett's and Hughes' attack on 3Com's standing to seek their disqualification because

they are not 3Com's former counsel largely misses the point.  3Com's request for Hughes' and

Gossett's disqualification is primarily a request for relief to remedy the effects of Capital 4's and

Hughes' contempt of the Stipulated Injunction issued in this action.  This Court possesses the

inherent authority to remedy the effects of the wrongful conduct that violated the Stipulated

Injunction in this case, namely Hughes' defamatory statements concerning 3Com and Hughes' enlistment of Gossett to assist him. Equal Employment Opportunity Comm'n v. Local 40, Int'l Assoc. of Bridge, Structural and Ornamental Iron Workers, 885 F.Supp. 488, 491 (S.D.N.Y. 1994) ("This court has inherent and statutory power to enforce its decrees and to punish violators for contempt"), rev'd on other grounds, 76 F.3d 76 (2d Cir. 1996).

> **2.**     **Capital 4's Failure and Refusal to Seek Hughes'**
> **and Gossett's Disqualification Have Resulted in Injury**
> **to 3Com that Supports its Standing to Seek Disqualification**

In addition, 3Com has standing to seek appropriate relief as to Hughes and Gossett because Capital 4 which indisputably had standing to disqualify them, failed and refused to take action, apparently as part of Capital 4's longstanding cooperation with Hughes' scheme to further defame 3Com.[3] If Capital 4 had meant what it said when it revoked its consent for Hughes' representation of the Customer Witnesses and the Texas Plaintiffs, Capital 4 would have, among other things, sought Hughes' disqualification prior to Hughes' engagement of Gossett as co-counsel. Capital 4's failure to do that, yet another act in furtherance of Hughes' and Capital 4's scheme in violation of the Stipulated Injunction, left 3Com with no alternative but to seek disqualification on its own behalf to prevent further malicious and defamatory statements concerning 3Com.[4] See, e.g., Ross v. Bank of Am., N.A. (USA), No. 06-4755, 2008 U.S. App. LEXIS 8927 at *8 (2d Cir. 2008) (a party has standing to seek redress of an injury

---

[3] As discussed more fully in 3Com's Reply to Capital 4's Opposition to 3Com's Motion for Contempt and for a Determination that Capital 4 has Waived the Attorney-Client Privilege, Capital 4's complete failure to prevent and/or stop Hughes and Gossett from their conduct constitutes a waiver of the attorney-client privilege.

[4] Gossett's attempt to distinguish In re George, 28 S.W.3d 511 (Tex. 2000) is simply a restatement of Gossett's flawed standing argument. In re George is instructive here because it describes the issues presented by a successor counsel's assumption of a representation previously held by an attorney who has a conflict of interest as relates particularly to confidential and privileged information.

where the party has suffered an "injury in fact," the injury is fairly traceable to the challenged

action and the injury is likely redressable by a favorable decision).

     **B.**    <u>**Hughes and Gossett Should Be Disqualified**</u>

        **1.**    **Hughes and Gossett Appear to Continue Working in Cooperation**
                   **in Connection with Matters Relating to the Power of $Zero Program**

On the one hand, Hughes claims that "deeming it to be in his clients' best interests," he

withdrew from the representation of the 3Com Power of $Zero customers," and on the other,

Hughes admits he transferred information pertaining to those representations to Gossett and that

he filed a pleading on behalf of the Customer Witnesses in cooperation with Gossett. <u>See</u>

Hughes' Contempt Memo at p. 8; Hughes' Disqualification Memo at p. 2.[5]  In addition,

Gossett's Memo explains that in order for Gossett and Hughes to participate in the fee-splitting

arrangement described in the March 14, 2008 correspondence to Texas Plaintiff Evans Ewan

(Exhibit R to Counsel Aff.), Hughes would have to perform services on behalf of the Texas

Plaintiffs. <u>See</u> Gossett's Memo at pp. 20-21.  Neither Gossett nor Hughes deny that they are

party to such an agreement or that they are co-counsel for the Texas Plaintiffs.[6]

        **2.**    **Gossett's and Hughes' Co-Counsel Arrangement Requires Their**
                   **Disqualification, Particularly where Gossett  Also Represents Hughes**

Gossett's and Hughes' memoranda in opposition to 3Com's motions provide additional

bases for their disqualification.  Most notably, while Hughes' and Gossett's submissions mince

---

[5] Hughes also claims that he terminated his attorney-client relationship with Capital 4 on October 17, 2007 but admits he was counsel for Capital 4 in various actions until December, 2007.  <u>See</u> Hughes' Contempt Memo at pp. 5-6.

[6] Hughes' Disqualification Memo makes much of the fact that he "is not representing any of the 3Com Power of $Zero Customers in the Depositions Noticed by 3Com"; however, Hughes does not deny that he represents such customers in connection with other matters.  See Hughes Disqualification Memo at pp. 3-4.  Given Hughes' and Gossett's failure to shed light on their relationship and their respective relationship(s) with former Power of $Zero Customers, the Court should at a minimum, permit a hearing for purposes of determining the nature of their relationships.

        

words to obfuscate the precise nature of their relationship and the dimensions of their arrangements, neither denies that they are currently co-counsel for the Texas Plaintiffs and parties to a fee-splitting arrangement (which, as to Hughes, would be contrary to Capital 4's purported revocation of its consent to Hughes and contrary to Hughes' previous representations to the Court). While Hughes states that, at some point, he asked Gossett not to represent him in connection with 3Com's subpoenae to Hughes, Gossett's correspondence to 3Com's counsel plainly shows that an attorney-client relationship existed. See March 31, 2008 correspondence from R. Gossett to D. Rosenfeld, attached as Exhibit T to the Supplemental Affidavit of Counsel filed herewith ("Supplemental Counsel Aff."). Unfortunately, because neither Hughes nor Gossett even offers a representation that Gossett no longer represents Hughes in any regard, they continue to shield the possibility that Hughes will improperly make statements or transmit materials to Gossett under the guise of attorney-client privilege.[7]

### 3.    Gossett's Memo Does not Establish that the Thumb Drive Does Not Contain Hughes' Work Product

Further, the Affidavit of Ronald P. Gossett is inconsistent with Hughes' claims that he did not provide Capital 4 work product to Gossett in connection with Gossett's representation of the Texas Plaintiffs. Specifically, the "screen shot" identified as Figure 1 in the Affidavit does not show all of the "Folders" available: the cursor on the side of that window appears to be placed in a selected position, and the names of "Folders" at the bottom of the screen are cut out from the screen shot. In addition, Hughes, claims that "the only information provided by Hughes to Gossett are documents Hughes received from the clients Gossett now represents, and correspondence sent to, from, or on behalf of those clients." See Hughes' Disqualification

---

[7] Even if Hughes and Gossett had provided information about their relationship, it would be of questionable value, given the multiple inaccurate representations by Hughes that he had withdrawn as counsel for the Texas Plaintiffs and Gossett's apparently knowing failure to correct those statements.

Memo, p. 5.  For his part, Gossett claims to have only looked at three documents provided by

Hughes.  See Gossett's Memo, pp. 18-19.  Nevertheless, certain of the "Folders" displayed in the

screen shot are described as, for example, "DLL v. Capital 4," "NorVergence," "Texas PUC,"

and "Notes."  Such titles would appear to call into question Hughes' assertion that the only

information he provided consisted of client documents and correspondence.

In light of this inconsistency, 3Com requests that Gossett and Hughes be required to

permit, at their own expense, and compensate a forensic expert of 3Com's choosing to examine

Gossett's computers, Hughes' computers and the USB drive Hughes provided to Gossett to

determine when Hughes created the documents on the USB drive, when Hughes used the

documents on the USB drive, whether or not the documents contain privileged or protected

material, and when and whether Gossett has accessed that material.

## V.    NOTHING SUGGESTS THAT ANY DOCUMENTS WERE INADVERTENTLY PRODUCED TO 3COM

Gossett's argument concerning Evans Ewan's document production is a red herring.

Evans Ewan was the first of Gossett's clients to produce documents to counsel for 3Com in

response to a subpoena.   When the documents were delivered to counsel for 3Com, nothing

about the non-party production suggested that it was the result of inadvertence; rather,

understanding Evans Ewan to be represented by counsel, the facts suggested that Evans Ewan's

production was completed on the advice of counsel.  Counsel for 3Com never received a call

from Gossett indicating that Evans Ewan may have produced documents inadvertently.  Further,

even after being served with 3Com's Disqualification Motion attaching the allegedly

inadvertently produced document, Gossett waited until the filing of his opposition to 3Com's

Disqualification Motion to claim that the production was inadvertent rather than calling counsel

for 3Com and requesting that 3Com withdraw the exhibit.  Gossett's tardy claim that documents

produced by his client to 3Com's counsel contained an inadvertent production does not make it so particularly where Gossett has not treated the production as inadvertent.

**VI.**    <u>**CONCLUSION**</u>

In light of the foregoing, 3Com respectfully requests that this Court grant its Motion to Disqualify Simon H. Hughes and Ronald P. Gossett in its entirety.  In the alternative, 3Com requests an order requiring Gossett and Hughes to permit a forensic expert to examine Gossett's computers, Hughes' computers and the USB drive Hughes provided to Gossett to determine when Hughes created the documents on the USB drive, when Hughes and/or Gossett accessed the documents on the USB drive, whether or not the documents contain privileged or protected material.  3Com respectfully requests further that this Court grant such other and further relief as justice requires.

Respectfully submitted,

_____/s/ Daniel E. Rosenfeld_____
Daniel E. Rosenfeld (DR 4624)
Eileen E. Pott (admitted *pro hac vice*)
DLA Piper US LLP
33 Arch Street, 26th Floor
Boston, MA 02110
(617) 406-6100
*Counsel for Plaintiff 3Com Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of May, 2008, a true and correct copy of the

foregoing document was served using the Court's CM/ECF system, with electronic notification

of such filing to all counsel of record.

I also certify that on this date the foregoing was served, via electronic mail and via

United Parcel Service, on the following:

Ronald P. Gossett, Esq.                Simon H. Hughes, Esq.
Gossett & Gossett, P.A.                The Hughes Law Firm, P.C.
4700 Sheridan Street, Building I       13280 Northwest Freeway, No. F-400
Hollywood, FL 33021                    Houston, TX 77040
RonGossett@gossettlaw.com              Simon@hugheslegal.com

Thomas Vays, Esq.
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 19th Floor
New York, NY 10006
Vays.T@wssllp.com

                                    _____/s/ Daniel E. Rosenfeld_____
                                            Daniel E. Rosenfeld