```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x
3COM CORPORATION,                     :
                                      :
          Plaintiff,                  :
                                      :           07 Civ. 8707 (JSR)
          -v-                         :
                                      :           MEMORANDUM ORDER
CAPITAL 4, INC., F. DAVIS DAWSON,     :
and ISH VILLA-LOBOS,                  :
                                      :
          Defendants.                 :
--------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

By motion filed January 20, 2009, the defendants in the above-captioned case (Capital 4, Inc., F. Davis Dawson, and Ish Villa-Lobos) moved for partial summary judgment seeking to dismiss Count IV of the Complaint, which alleged fraudulent inducement. On February 26, 2009, the Court issued a "bottom-line" Order granting the motion. This Memorandum Order gives the reasons for this determination.

The pertinent facts, either undisputed or, where disputed, taken most favorably to plaintiff 3COM Corporation, are as follows. Capital 4 was a so-called value-added reseller ("VAR") selling 3COM-branded telecom and network equipment. Ex. 2 to Declaration of Thomas Vays in Support of Defendants' Motion for Partial Summary Judgment ("Vays Decl.") dated January 19, 2009, Answer ¶ 7. Capital 4 developed a proprietary sales model called the "Power of $Zero" ("POZ") through which Capital 4 sold network and telecom equipment made by 3COM, as well as related telecom services including local and long distance calling and internet access. Id. ¶ 8.

On January 31, 2005, 3COM and Capital 4 entered into a Strategic Alliance Agreement, see Ex. 9 to Vays Decl., which summarized the business understandings between the parties and under which 3COM aimed to become a more active participant in the program by introducing POZ to other 3COM VARs.  See Ex. 6 to Vays Decl., Deposition of Glenn E. Ewing dated December 29, 2008 ("Ewing Dep.") at 62, 89, 137; Ex. 3 to Vays Decl., Declaration of Glenn E. Ewing dated October 8, 2007 ("Ewing Decl.") ¶ 18.  On March 10, 2005, the parties executed a "Rules of Engagement Addendum" ("ROE"), see Ex. 10 to Vays Decl., under which they further specified their respective roles and responsibilities in the development of the POZ program. Finally, on November 10, 2006, the parties executed a "License Agreement" and an "Operations Agreement," under which 3COM was to develop and implement its own POZ program in exchange for paying Capital 4 licensing fees for use of its proprietary sales system. See Ex. 5 to Vays Decl., Declaration of Christopher Jodoin dated October 8, 2007 ("Jodoin Decl.") ¶ 6; Ewing Dep. at 54; see also Exs. 11 and 12 to Vays Decl.

Paragraph 5.1 of the License Agreement includes a so-called "merger clause" in capitalized, bold-faced type: "**EXCEPT AS SET FORTH HEREIN, ALL REPRESENTATIONS AND WARRANTIES, EXPRESS, IMPLIED, OR STATUTORY, INCLUDING BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE EXCLUDED HEREUNDER.**"  Ex. 11 to Vays Decl., License Agreement § 5.1.  The License Agreement also states: "This Agreement . . . constitutes the

entire agreement between the Parties with respect to the subject matter hereof . . . ." Id. § 6.10.  The Operations Agreement similarly states, in capitalized letters: "EACH PARTY DISCLAIMS ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND NON-INFRINGEMENT."  Ex. 12 to Vays Decl., Operations Agreement § 6.3.  The Operations Agreement further states that "[t]his Agreement constitutes the entire agreement between the Parties . . . ." Id. § 7.8.

The fourth cause of action in the instant litigation is for fraudulent inducement arising from allegations that Capital 4 falsely represented its financial health through its principals, individual defendants Dawson and Villa-Lobos.  3COM contends that it suffered damages as a result of its reliance on the defendants' false representations, specifically, representations that although Capital 4 was running a deficit at the time the above agreements were executed, it was retiring those losses by $30,000 a month and would eliminate them altogether within a year.  See Compl. ¶ 135.

A plaintiff claiming fraud under New York law must, by clear and convincing evidence, establish, inter alia, that there was reasonable reliance by the plaintiff on the defendant's alleged misrepresentations. Century Pacific, Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 218 (S.D.N.Y. 2007).

While the expansive merger language contained in both the License Agreement and Operations Agreement would seem to preclude the plaintiff from relying on any representations made outside the

3

controlling agreements,[1] New York law does not permit the mere inclusion of merger language in a contract to provide an automatic, categorical defense against any claim of fraud. Rather, the Court must "look to the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them." See Century Pacific, 528 F. Supp. 2d at 229 (quoting Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1543 (2d Cir. 1997)) (internal quotation marks omitted).

Here, it is undisputed that the contractual relationship in question evidenced what the parties considered a significant business venture, see Ex. to Vays Decl. § 2.7.3; Compl. ¶ 40; that the parties are financially sophisticated (and were at all times relevant represented by counsel); and that the fact that Capital 4 was running a deficit was disclosed at the time the terms of the agreements were being negotiated, see transcript, 2/19/09, at 7: 1-15. Furthermore, the so-called "Go Dark" provision of the Operations Agreement, see Ex. 12 to Vays Decl. § 4.3, which provides that if Capital 4 becomes insolvent, 3COM could, under certain circumstances and upon the fulfillment of certain procedural requirements, elect to assume Capital 4's outstanding obligations, plainly reflects the parties' contemplation of Capital 4's potential insolvency. Coupling these

---

[1] Indeed, negotiating counsel for the plaintiff here, 3COM, Dean M. Whitehouse, Esq., appeared to agree during his deposition that the merger clause acted to exclude representations that were not otherwise explicitly articulated within the language of the contracts. See Ex. 7 to Vays Decl., Deposition of Dean M. Whitehouse dated December 15, 2008 at 217-20.

circumstances to the general merger language, no reasonable fact-finder could conclude that reliance on the alleged pre-contractual misrepresentations alleged here was reasonable in the absence of contractual language carving out such representations from the general disclaimer on such reliance set forth in the merger language. See, e.g., Primedia Enthusiast Publ'n, Inc. v. Opinion & Ashton Int'l Media, Inc., No. 02 Civ. 9997, 2003 U.S. Dist. LEXIS 16728 at *15-16 (S.D.N.Y. Sept. 25, 2003) ("Notwithstanding the lack of an explicit disclaimer of representations that form the basis of a fraud-in-the-inducement claim, courts may disregard a fraudulent inducement claim and give effect to a contract when the parties have negotiated at arms length and they are sufficiently sophisticated that they could have easily protected themselves either through obtaining readily available information or alternatively including a protective clause in the agreement."); Consolidated Edison v. Northeast Utilities, 249 F. Supp. 2d 387, 402 (S.D.N.Y. 2003) (holding that non-specific merger and disclaimer language defeats a claim of reasonable reliance on oral representations where a sophisticated party failed to include any "specific representation and warranty" in the agreement even though it believed those representations to be material).

    For the foregoing reasons, the Court hereby reaffirms the dismissal of the fourth cause of action.  Counsel are reminded that the trial of the remaining claims will commence on August 24, 2009 at 9 AM.  The Clerk of the Court is directed to close document number 68 on the docket of this case.

    SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 22, 2009